Kenneth Earl Weeks, Jr., was convicted in the Morgan County District Court for driving without a license and driving while under the influence of alcohol. He appealed those convictions to the Morgan County *Page 261 
Circuit Court for a trial de novo before a jury, pursuant to Ala. Code 1975, §§ 12-12-70(b) and 12-12-71. The circuit court dismissed Weeks's appeal when he failed to appear for trial. After an unsuccessful attempt to get the circuit court to set aside its order dismissing his appeal, Weeks petitioned the Court of Criminal Appeals for a writ of mandamus requiring the circuit court to reinstate his appeal. The Court of Criminal Appeals denied the writ, without an opinion. Weeks then filed this petition for a writ of mandamus, pursuant to Rule 21(e), A.R.App.P., arguing that we should direct the circuit court to reinstate his appeal because, he says, he did not receive notice of the scheduled trial date and, therefore, the dismissal of his appeal constituted a denial of his right to procedural due process of law.
The pertinent facts are set out in the following affidavit filed by Weeks:
 "On June 17, 1989, I was arrested for driving or being in actual physical control of an automobile while there was .10% or more by weight of alcohol in my blood and driving while licensed revoked. The first court date was . . . July 7, 1989, in Morgan County District Court. I [pleaded] not guilty and [my case] was scheduled for trial on August 11, 1989. My case was tried without a lawyer and . . . I was found guilty of both charges and filed a notice of appeal and an appeal bond in each of the cases. I was planning to hire a lawyer and I had spoken with one . . . and paid him a $75 consultation fee, but did not otherwise hire him to represent me in this matter. I was awaiting the setting of my case for trial in the circuit court before retaining a lawyer to represent me. I began calling the Morgan County clerk's office on November 7, 1989, at 3:10 p.m. I called again on November 27, 1989, at 2:13 p.m., December 28, 1989, at 10:40 a.m., and February 2, 1990, at 2:35 p.m. My last call to the clerk's office in checking to see when my case would be set for trial was on March 8, 1990, at 12:47 p.m. . . . On the date of the March 8, 1990, call, I was informed by a female, who apparently worked in the clerk's office, that there was no need in calling all the time and that I would be notified of my court date. I then informed her that my address was 3131 Searcy Drive, Huntsville, Alabama, 35810, and I notified them of my telephone number. . . . She said that when my court date was set that I would be sent a letter stating the date and the time. My mother called on October 26, 1990, and inquired as to the trial date since it had been so long, and my mother said she was told that the case was called for trial in April and that the appeals had been dismissed. I then . . . consulted with [an attorney]. I did not receive any type of notification of the court date. [My attorney] has shown me a copy of a letter from [the Morgan County circuit clerk] that was sent to P.O. Box 235, Falkville, Alabama; however, I moved from that address in August of 1989. All of the calls that were made inquiring about the court date were made from the Searcy Drive address which is my parents' address and also where I lived during this period of time."
Procedural due process, as guaranteed by theFourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them. See Pikev. Southern Bell Telephone Telegraph Co., 263 Ala. 59,81 So.2d 254 (1955); Vernon v. State, 245 Ala. 633, 18 So.2d 388
(1944). It is generally understood that an opportunity for a hearing before a competent and impartial tribunal upon proper notice is one of the essential elements of due process. 16A Am.Jur.2d Constitutional Law § 839 (1979), citing AlabamaAlcoholic Beverage Control Bd. v. State ex rel. Krasner,247 Ala. 469, 25 So.2d 30 (1945); Frahn v. Greyling RealizationCorp., 239 Ala. 580, 195 So. 758 *Page 262 
(1940); Fowler v. Nash, 225 Ala. 613, 144 So. 831 (1932); see, also, 21A Am.Jur.2d Criminal Law § 640 (1981). Although it is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty rests upon either the court or the opposing party to advise that party of his scheduled trial date, see the cases collected at 18A Ala. Digest Trial § 9(1) (1956), a party's right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so.
The circuit court's dismissal of Weeks's appeal, on the facts presented, lacked one of the fundamental attributes of a fair judicial proceeding — the opportunity for all of the parties to be heard — and could never be upheld where justice is fairly administered. Because the sole object and only legitimate end of state government (including the judicial branch of state government) is to protect the citizen in the enjoyment of life, liberty, and property, it would surely amount to "usurpation and oppression" by this state's judicial branch of government if this branch failed to recognize Weeks's right to procedural due process and he was not afforded his day in court. Article I, § 35, Ala. Const.
Because Weeks did not learn that his case had been dismissed until after the time for taking an appeal to the Court of Criminal Appeals had run, the extraordinary writ of mandamus is the only remedy available to him. Therefore, because all of the other requirements necessary for the issuance of a writ of mandamus are satisfied in this case, see Martin v. Loeb Co.,349 So.2d 9 (Ala. 1977), we hereby direct the circuit court to reinstate Weeks's appeal to the trial docket.[1]
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] We note that Weeks's appeal was dismissed by a district judge who had been temporarily assigned to the Morgan County Circuit Court. The record indicates that this judge was no longer assigned to the circuit court at the time Weeks learned that his appeal had been dismissed. Weeks's petition asks for a writ directed to the Honorable R.L. Hundley, the presiding judge of the Morgan County Circuit Court. Although it would be preferable for the writ to be directed to the judge who actually dismissed Weeks's appeal, that is not possible here. Even so, Judge Hundley has the authority to reinstate Weeks's appeal, see Ala. Code 1975, § 12-1-7 ("[e]very court shall have power . . . [t]o amend and control its process and orders so as to make them conformable to law and justice"), and, given the circumstances, is under a duty to do so. Therefore, a writ of mandamus directed to Judge Hundley is proper in this case. SeeShirey v. City Board of Education of Fort Payne, 266 Ala. 185,94 So.2d 758 (1957).