806 So.2d 1195 (2001)
Ex parte Bonnide JOHNSON.
(In re State v. Bonnide Johnson).
1000495.
Supreme Court of Alabama.
June 8, 2001.
Bonnide Johnson, petitioner, pro se.
Judge William E. Hereford, for respondent.
LYONS, Justice.
Bonnide Johnson petitions for a writ of mandamus directing the St. Clair Circuit Court to advise him of the disposition of his Rule 32, Ala. R.Crim. P., petition, which he filed on February 11, 1999. We grant Johnson's petition; we vacate the trial court's order dated May 15, 2000, denying Johnson's Rule 32 petition; and we direct the trial court to enter a new order and to promptly notify Johnson of that order.
Bonnide Johnson was convicted in the St. Clair Circuit Court on a charge of attempted murder. The court sentenced him to a term of life imprisonment, under the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975. The Court of Criminal Appeals affirmed the conviction on November 22, 1996, by an unpublished memorandum. Johnson v. State (No. CR-95-1454), 698 So.2d 801 (Ala.Crim.App.1996) (table). The Court of Criminal Appeals overruled Johnson's application for rehearing, on January 17, 1997. Johnson v. State (No. CR-95-1454), 706 So.2d 863 (Ala.Crim.App.1997) (table). On February 11, 1999, Johnson petitioned the trial court for relief from the conviction or sentence, pursuant to Rule 32. The trial court held a hearing on the issues presented in Johnson's Rule 32 petition on November 23, 1999, and it eventually denied the petition on May 15, 2000.
*1196 Johnson alleges that he never received notification of the disposition of his Rule 32 petition. He states that he has written the clerk of the St. Clair Circuit Court to inquire about his Rule 32 petition, but that he has not received a reply. On October 26, 2000, Johnson petitioned the Court of Criminal Appeals for a writ of mandamus directing the circuit court to notify him of the disposition of his Rule 32 petition. The Court of Criminal Appeals dismissed that petition on December 1, 2000, without an opinion. Ex parte Johnson (No. CR-00-0222), ___ So.2d ___ (Ala.Crim.App. 2000) (table).
On December 12, 2000, Johnson filed in this Court a petition for the writ of mandamus (see Rule 21(e), Ala. R.App. P.), requesting that we direct the trial court to inform him of the final disposition of his Rule 32 petition. Johnson argues that, pursuant to Rule 32.9, he is entitled to be informed of the disposition so that he may proceed in his caseeither by appealing from a denial of the petition, or, if the petition was granted, by preparing for a new trial.
The trial judge has responded to Johnson's mandamus petition by filing a copy of his order dated May 15, 2000, denying Johnson's Rule 32 petition. However, nothing in the judge's response indicates that Johnson was ever notified of that order.
Johnson further requests, in a separate motion, that this Court sanction the trial judge and the State for failure to respond to Johnson's mandamus petition. The trial judge has in fact filed a response; however, given Johnson's motion, it seems Johnson has not received a copy of it. The State has not responded to Johnson's petition or to his motion for sanctions. We deny Johnson's motion for sanctions; however, we recognize that his unchallenged averment that he has not received a copy of the trial judge's response to his mandamus petition is consistent with his allegation that he has not been notified of material developments in his case.
In Ex parte Weeks, 611 So.2d 259 (Ala. 1992), the defendant Weeks was convicted in the Morgan District Court of two criminal offenses. He appealed to the Morgan Circuit Court. He telephoned the circuit clerk's office on several occasions to ask for the date of his criminal trial. He was told by the person who answered the telephone that there was no need for him to continue calling and that he would be notified by mail of his trial date. Weeks, at that time, left his correct address and telephone number with the person who had answered the telephone. Months later, he was informed that his case had been called for trial, but that his appeal had been dismissed because he had not appeared for the trial. See 611 So.2d at 261. Weeks petitioned the Court of Criminal Appeals for a writ of mandamus directing the circuit court to reinstate his appeal; that court denied the writ, without an opinion. See 611 So.2d at 261. Weeks petitioned this Court for the same relief. This Court directed the circuit court to reinstate Weeks's appeal, stating:
"Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of *1197 the opposing party, with reasonable opportunity to controvert them.... Although it is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty rests upon either the court or the opposing party to advise that party of his scheduled trial date, see the cases collected at 18A Ala. Digest Trial § 9(1) (1956), a party's right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so.
"The circuit court's dismissal of Weeks's appeal, on the facts presented, lacked one of the fundamental attributes of a fair judicial proceedingthe opportunity for all of the parties to be heard and could never be upheld where justice is fairly administered. Because the sole object and only legitimate end of state government (including the judicial branch of state government) is to protect the citizen in the enjoyment of life, liberty, and property, it would surely amount to `usurpation and oppression' by this state's judicial branch of government if this branch failed to recognize Weeks's right to procedural due process and he was not afforded his day in court. Article I, § 35, Ala. Const."
611 So.2d at 261-62 (citations omitted).
Considering the limited facts before us on this mandamus petition, we conclude that, through no fault of his own, Johnson has never been notified that his Rule 32 petition has been denied, even though it appears the petition was denied and even though he was entitled to such notification. The trial judge does not dispute Johnson's allegation that he has never received notification of the disposition of his Rule 32 petition, and the judge has presented no evidence suggesting that Johnson has received notice. On this state of the record, we must conclude that Johnson was not informed of the denial of his Rule 32 petition.
We cannot deny Johnson his day in court simply because the trial court has not notified him of the disposition of his Rule 32 petition. See Weeks. Like the defendant in Weeks, Johnson asked, through the office of the circuit clerk, that he be notified of material developments in his case. Johnson was not notified that his Rule 32 petition was denied, and the 42-day period during which he could have appealed that denial has expired. We vacate the order dated May 15, 2000, denying Johnson's Rule 32 petition, and we direct the trial court to enter a new order and to promptly send Johnson notification of that order.
PETITION GRANTED; WRIT ISSUED; MOTION FOR SANCTIONS DENIED.
MOORE, C.J., and HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
STUART, J., concurs in the result and concurs in part as to the rationale.
STUART, Justice (concurring in the result and concurring in part as to the rationale).
I concur in the result of the main opinion and in much of the rationale. A prison inmate, unlike a free person, is unable to monitor the status of his case on a regular basis. Nonetheless, I do have concern *1198 about this statement from Ex parte Weeks, 611 So.2d 259, 262 (Ala.1992), quoted in the main opinion:
"[A] party's right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so."
(This same statement was quoted by the Court of Criminal Appeals recently in Fountain v. State, [Ms. CR-99-0378, April 28, 2000] ___ So.2d ___ (Ala.Crim.App. 2000).)
The court clerk's notifying parties and counsel with regard to court dates and other matters should be considered a courtesy and not a duty. Except in unusual circumstances, a party in a judicial proceeding, either a civil action or a criminal action, must be responsible for monitoring the status of his case.