I concur in the result of the main opinion and in much of the rationale. A prison inmate, unlike a free person, is unable to monitor the status of his case on a regular basis. Nonetheless, I do have concern *Page 1198 
about this statement from Ex parte Weeks, 611 So.2d 259, 262 (Ala. 1992), quoted in the main opinion:
 "[A] party's right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so."
(This same statement was quoted by the Court of Criminal Appeals recently in Fountain v. State, [Ms. CR-99-0378, April 28, 2000] ___ So.2d ___ (Ala.Crim.App. 2000).)
The court clerk's notifying parties and counsel with regard to court dates and other matters should be considered a courtesy and not a duty. Except in unusual circumstances, a party in a judicial proceeding, either a civil action or a criminal action, must be responsible for monitoring the status of his case.