Bobby Miles, an inmate of an Alabama correctional facility, acting pro se, petitions this Court for a writ of mandamus directing the trial court to vacate its order denying his Rule 32, Ala.R.Crim.P., petition. Miles asserts that he did not receive notice of the trial court's denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief until after his 42 days for filing a notice of appeal had expired. We grant the petition.
On October 24, 2001, Miles filed a petition for postconviction relief, pursuant to Rule 32, Ala.R.Crim.P. On November 9, 2001, the State filed a motion to dismiss the petition. On November 16, 2001, the trial court denied Miles's petition. Miles received notice of the trial court's denial of his petition by way of a mailing postmarked January 4, 2002, 49 days after the trial court's order was entered.[1]
On January 8, 2002, Miles filed a notice of appeal; on that same day he filed a petition for a writ of mandamus with the Court of Criminal Appeals. On January 25, 2002, the Court of Criminal Appeals issued an order dismissing Miles's appeal, Miles v. State, (No. CR-01-0844, January 25, 2002) ___ So.2d ___ (Ala.Crim.App. 2002) (table). That order stated, in pertinent part:
 "Whereas, the above-referenced appeal has been duly examined and considered by the Court of Criminal Appeals; and
 "Whereas, the Court, having considered the same, has now ordered that said appeal be dismissed as untimely filed;
 "Now, therefore, it is hereby certified that a judgment of dismissal was entered in said appeal on this the 25th day of January, 2002."
On February 8, 2002, the Court of Criminal Appeals entered an order denying Miles's petition for a writ of mandamus, without an opinion. Exparte Miles, (No. CR-01-0749, February 8, 2002) ___ So.2d ___
(Ala.Crim.App. 2002) (table). On February 12, 2002, Miles filed a petition for a writ of mandamus with this Court. See Rule 21(e), Ala.R.App.P. On April 4, 2002, this Court ordered that answers and briefs be filed. Both the Colbert County district attorney and the attorney general filed answers and briefs.
The applicable standard of review to a petition for a writ of mandamus is settled.
 "A writ of mandamus is an extraordinary remedy, and it will be `issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only in situations where other *Page 244 
relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts Serv. Co., 590 So.2d 252 (Ala. 1991)."
Ex parte Empire Fire Marine Ins. Co., 720 So.2d 893, 894 (Ala. 1998).
In Ex parte Johnson, 806 So.2d 1195 (Ala. 2001), an inmate petitioned this Court for a writ of mandamus directing the trial court to advise him of the disposition of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. Based upon the facts presented, this Court concluded that, through no fault of his own, the inmate had not received notice that his Rule 32 petition had been denied. Further, because the inmate's 42-day period in which to appeal had expired, this Court ordered that the trial court vacate its order denying the inmate's Rule 32 petition, that a new order be entered, and that the inmate receive prompt notice of that order. In making this determination, this Court observed:
 "`Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them. . . . Although it is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty rests upon either the court or the opposing party to advise that party of his scheduled trial date, see the cases collected at 18A Ala. Digest Trial § 9(1) (1956), a party's right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so.
 "`The circuit court's dismissal of Weeks's appeal, on the facts presented, lacked one of the fundamental attributes of a fair judicial proceeding — the opportunity for all of the parties to be heard — and could never be upheld where justice is fairly administered. Because the sole object and only legitimate end of state government (including the judicial branch of state government) is to protect the citizen in the enjoyment of life, liberty, and property, it would surely amount to "usurpation and oppression" by this state's judicial branch of government if this branch failed to recognize Weeks's right to procedural due process and he was not afforded his day in court. Article I, § 35, Ala. Const.'"
806 So.2d at 1196-97 (quoting Ex parte Weeks, 611 So.2d 259, 261-62
(Ala. 1992) (citations omitted)).
Based upon our review of the material in Miles's petition, we conclude that Miles's receipt of the trial court's denial of his Rule 32 petition 49 days after that order was entered was through no fault of his own.[2]
Further, to not allow Miles an opportunity to file a notice of appeal under these circumstances would violate his clear legal right to procedural due process. *Page 245 Empire Fire Marine Ins. Co., supra, Johnson,supra. Accordingly, as this Court ordered in Johnson, we direct the trial court (1) to vacate its November 16, 2001, order denying Miles's Rule 32 petition, (2) to enter a new order on Miles's petition, and (3) to provide Miles prompt notice of that order.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, WOODALL, and STUART, JJ., concur.
MOORE, C.J., dissents.
[1] The envelope bearing the postmark was not included as an exhibit to Miles's petition to this Court. The Colbert County district attorney and the attorney general argue in their briefs to this Court that Miles had exclusive possession of the envelope and that he had not produced it for this Court's review. In reply, Miles stated:
 "This order and envelope, showing the January 4, 2002[,] post date, was exhibited to the Alabama Court of Criminal Appeals in petitioner's initial mandamus
petition to that court under no. CR-01-0749. `Petitioner has no means to make copies of documents.'"
We have checked the records as maintained by the clerk of the Court of Criminal Appeals, and we have confirmed that the original envelope was attached to Miles's petition to that court and that the postmark appearing on it was dated January 4, 2002.
[2] We note that the Colbert County district attorney attached to its answer and brief an affidavit by Carrie King, a clerk with the Colbert County Circuit Court. King's affidavit stated, in pertinent part:
 "The order in question . . . is dated the 16th day of November, 2001. It is also stamped with the date and time on which it was filed in our office, which was November 16th, 2001[,] at 1:22 p.m. My standard procedure is to mail these orders to the parties as soon as possible after being filed in our office. The check marks next to the respective attorneys['] or parties['] names indicate that a copy of the order was mailed. After making copies of the orders and addressing an envelope to the attorney or party, I place a stamp on the envelope and deposit it with the outgoing mail. An employee of the courthouse then delivers the mail to the U.S. Post Office.
 "I do not have an independent recollection of mailing Mr. Miles['s] order in this case. I can say, however, that this is my ordinary practice and procedure and I do not recall doing anything other than this with regard to Mr. Miles['s] case."
King's affidavit therefore does not contradict Miles's assertion that he did not receive the trial court's order until it arrived in an envelope postmarked January 4, 2002. Nor does it state any other mailing that may have been sent to Miles on that date. The check mark opposite Miles's name could represent the mailing of the order on January 4, 2002.