PER CURIAM.
The petitioner, Lutha James Robinson, filed this petition for a writ of mandamus directing Judge Loyd Little, Jr., to reissue his previous order denying his postconviction petition so that Robinson can file a timely notice of appeal. In July 2002, Robinson filed a postconviction petition pursuant to Rule 32, Ala.R.Crim.P. Judge Little denied the petition on November 14, 2002. In January 2003, Robinson inquired as to the status of his Rule 32 petition and requested a copy of the case action summary sheet. Robinson then learned that his petition had already been denied. In February 2003, Robinson wrote Judge Little and informed him that although the petition was denied in November 2002 he never received notice of its denial; therefore, he said, he was unable to file a timely notice of appeal. This petition followed.
The State has conceded that this petition should be granted. The State contends that there is no information to contradict Robinson’s assertions and, in fact, the prison logs reflect that Robinson received no legal mail from November 14, 2002, to the end of 2002 — the dates in which he should have received notice of the denial of the petition in order for his notice of appeal to be timely.
As the Alabama Supreme Court stated in Ex parte Miles, 841 So.2d 242, 244-45 (Ala.2002):
“In Ex parte Johnson, 806 So.2d 1195 (Ala.2001), an inmate petitioned this Court for a writ of mandamus directing the trial court to advise him of the disposition of his Rule 32, Ala. R.Crim. P., petition for postconviction relief. Based upon the facts presented, this Court concluded that, through no fault of his own, the inmate had not received notice that his Rule 32 petition had been denied. Further, because the inmate’s 42-day period in which to appeal had expired, this Court ordered that the trial court vacate its order denying the inmate’s Rule 32 petition, that a new order be entered, and that the inmate receive prompt notice of that order. In making this determination, this Court observed:
“ ‘ “Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them.... Although it is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty rests upon either the court or the opposing party to advise that party of his scheduled trial date, see the cases collected at 18A Ala. Digest Trial § 9(1) (1956), a party’s right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its *1252 clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so.
“ ‘ “The circuit court’s dismissal of Weeks’s appeal, on the facts presented, lacked one of the fundamental attributes of a fair judicial proceeding — • the opportunity for all of the parties to be heard — and could never be upheld where justice is fairly administered. Because the sole object and only legitimate end of state government (including the judicial branch of state government) is to protect the citizen in the enjoyment of life, liberty, and property, it would surely amount to ‘usurpation and oppression’ by this state’s judicial branch of government if this branch failed to recognize Weeks’s right to procedural due process and he was not afforded his day in court. Article I, § 35, Ala. Const.” ’
“806 So.2d at 1196-97 (quoting Ex parte Weeks, 611 So.2d 259, 261-62 (Ala.1992) (citations omitted)).
“Based upon our review of the material in Miles’s petition, we conclude that Miles’s receipt of the trial court’s denial of his Rule 32 petition 49 days after that order was entered was through no fault of his own. Further, to not allow Miles an opportunity to file a notice of appeal under these circumstances would violate his clear legal right to procedural due process.... Accordingly, as this Court ordered in Johnson, we direct the trial court (1) to vacate its November 16, 2001, order denying Miles’s Rule 32 petition, (2) to enter a new order on Miles’s petition, and (3) to provide Miles prompt notice of that order.”[1]
(Footnote omitted.)
Based on the Supreme Court’s holding in Miles, this petition is due to be granted. Judge Little is directed to set aside his previous order denying Robinson’s Rule 32 petition, to reissue a new order, and to give Robinson prompt notification of the issuance of the order.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. "The proper avenue for seeking an out-of-time appeal from the denial of a Rule 32 petition is to file another Rule 32 petition in the circuit court or to file a petition for a writ of mandamus in this Court.” King v. State, [Ms. CR-00-0508, April 26, 2002] - So.2d -, - (Ala.Crim.App.2002). See also Fountain v. State, 842 So.2d 719 (Ala.Crim.App.2000), aff’d in part, rev'd in part, 842 So.2d 726 (Ala.2001); Brooks v. State, [Ms. CR-00-1134, April 26, 2002] - So.2d - (Ala. Crim.App.2002).