[1] The petition filed in this Court was styled "Cory" Maples; however, the petitioner's name on the circuit court's records is spelled "Corey" Maples.
The petitioner, Cory R. Maples, filed this petition for a writ of mandamus requesting *Page 846 
an out-of-time appeal from the denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P. In 1997, Maples was convicted of capital murder for the murder of Stacy Alan Terry and Barry Dewayne Robinson II pursuant to one course of conduct and for the murder of Stacy Alan Terry during the course of a robbery. The jury, by a vote of 10 to 2, recommended that Maples be sentenced to death. Maples's convictions and sentence of death were affirmed on direct appeal. See Maples v. State, 758 So.2d 1 (Ala.Crim.App.), aff'd,758 So.2d 81 (Ala. 1999).[2]
In August 2001, Maples filed a Rule 32, Ala.R.Crim.P., petition attacking his conviction and death sentence. On May 22, 2003, Judge Glenn Thompson denied that petition. On May 23, 3003, the circuit clerk mailed copies of the order denying the petition to the Alabama attorney general's office and to Maples's attorneys — Alabama attorney John G. Butler and New York attorneys Clara Ingen-Housz and Jaasi Munanka. The notices sent to the New York attorneys were returned to the circuit clerk's office. On the outside of one of the envelopes were handwritten the words "Left Firm." It is undisputed that Maples's Alabama attorney received the timely notice that the Rule 32 petition had been denied.
In August 2003, Maples's mother contacted the New York law firm of Sullivan Cromwell, the firm at which his New York attorneys were associates, and informed them that the Alabama attorney general's office had notified her son that his Rule 32 petition had been denied and that the time for filing an appeal had expired. Felice Duffy, an associate with Sullivan Cromwell, investigated and discovered that Maples's petition had been dismissed in May 2003. Duffy and two other associates with Sullivan Cromwell filed a motion in the circuit court seeking to have Judge Thompson reissue his May 22, 2003, order denying the Rule 32 petition so that they could file a timely notice of appeal. Judge Thompson denied that motion.
Twenty-three days after Judge Thompson denied the motion to reissue the order denying the petition, the Alabama Supreme Court released Marshall v. State, 884 So.2d 900 (Ala. 2003). Based on the Supreme Court's holding in Marshall — that a writ of mandamus is the only method by which to obtain an out-of-time appeal from the denial of a Rule 32 petition — Maples filed this petition for a writ of mandamus requesting that we grant him an out-of-time appeal.
Maples argues that the Supreme Court's holding in Marshall is applicable to this case and that he is entitled to an out-of-time appeal because the time for filing an appeal expired through no fault of his own without an appeal being filed. The State argues that the holding in Marshall does not apply to this case because "Procedural due process . . . is applicable only where a party `is denied his day in court because the court, acting through its clerk, assumed the duty of notifying the party of his scheduled trial date and then negligently failed to do so.'" (State's brief at p. 7, quoting Ex parte Weeks, 611 So.2d 259,262 (Ala. 1992)). The State further argues that Maples's attorneys had a duty to monitor the status of his Rule 32 petition and that they failed to do so.
Judge Thompson's order denying the motion to reissue the order denying the petition stated:
 "The petitioner, Corey R. Maples, has filed a Motion to Reissue the Court's *Page 847 
May 22, 2003, Order denying the Petitioner's Rule 32 petition. On August 1, 2001, the petitioner, through his counsel Clara Ingen-Housz and Jaasi Munanka, together with local counsel, John G. Butler, Jr., filed a Rule 32 petition with the Circuit Court requesting post-conviction relief for the petitioner, Corey R. Maples. On May 22, 2003, the Circuit Court of Morgan County entered an order denying the petitioner's Rule 32 relief. On May 23, 2003, the Clerk of the Circuit Court, John Pat Orr, mailed copies to all of the attorneys of record at the addresses provided by each attorney. Included on that list were attorneys Clara Ingen-Housz and Jaasi Munanka at 125 Broadway Street, New York, New York 10004-2498, as well as local counsel John G. Butler. The Court received the copy sent to Jaasi Munanka as `Return to Sender — Attempted Unknown' and the copy sent to Clara Ingen-Housz marked `Return to Sender — Attempted Not Known' and written in longhand is `Return to Sender — Left Firm.'
 "Counsel Munanka and Ingen-Housz were both admitted pro hac vice on November 5, 2001, and entered appearances of record for the petitioner. John G. Butler is licensed to practice in the State of Alabama. The petitioner's new counsel with the same firm, Sullivan and Cromwell, L.L.P., are asking this Court to vacate its May 22, 2003, order and enter a new order denying the petitioner's Rule 32 petition. To do so would perpetrate subterfuge on the appellate court.
 "A review of the file shows John G. Butler, Jr., did in fact get served. Jaasi Munanka and Clara Inga-Housz apparently have left the firm of Sullivan and Cromwell, although they have not withdrawn from the Corey Maples' case and now lawyers Marc De Leeuw, Felice Duffy, and Cathy Brewer are of counsel for the petitioner, Corey Maples. De Leeuw, Duffy, and Brewer apparently work at the same law firm of Sullivan and Cromwell in New York, New York, and have not yet been admitted to practice in Alabama, [and,] therefore, have not entered appearances as attorneys of record to the Clerk of this Court because they have not yet been admitted. Other than the fact that the most recent mailings to attorneys Ingen-Housz and Munanka have been returned by the post office as `Attempted — Unknown' they are still attorneys of record for the petitioner. How can a Circuit Clerk in Decatur, Alabama, know what is going on in a law firm in New York, New York? The Clerk mailed copies to the attorneys of record — who remain attorneys of record, and mailed copies to the local lawyer. What counsel for the petitioner is in effect doing is allowing this Court to permit an out-of-time appeal. This Court is unwilling to enter into subterfuge in order to gloss over mistakes made by counsel for the petitioner. If the petitioner is entitled to an out-of-time appeal, let the Court of Appeals so rule.
 "Counsel for the petitioner have cited several cases in defense of their position. Most notable are Ex parte Johnson, 806 So.2d 1195 (Ala. 2001), Ex parte Miles, 841 So.2d 242 (Ala. 2002), and [Ex parte] Robinson, 865 So.2d 1250 (Ala.Crim.App. 2003). These cases can be distinguished from the case at hand because they involved pro se defendants who never received notice of the outcome of their Rule 32 petitions because the Court failed to take the necessary action to notify the defendant. The petitioner in this instance is represented by several lawyers. The Circuit Clerk mailed notices to these lawyers at their listed *Page 848 
addresses. Despite the fact that two of the packets were returned, the petitioner's local counsel did in fact receive notice. As a result, there is no evidence that the Court committed error or neglect in handling this matter."
Maples relies on Marshall in support of the issuance of the writ of mandamus. The Alabama Supreme Court in Marshall, clarified that a writ of mandamus is the only means by which to secure an out-of-time appeal from the denial or dismissal of a Rule 32 petition. The Marshall Court, finding that the circuit clerk had failed to provide Marshall, who was proceeding pro se, notification of the denial of his Rule 32 petition, stated:
 "In Ex parte Johnson, [806 So.2d 1195 (Ala. 2001),] this Court found that Bonnide Johnson `was not notified that his Rule 32 petition was denied' — even though he `asked, through the office of the circuit clerk, that he be notified of material developments in his case' — `and the 42-day period during which he could have appealed that denial has expired.' 806 So.2d at 1197. This Court relied upon and quoted Ex parte Weeks, [611 So.2d 259 (Ala. 1992),] in which this Court stated:
 "`"Although it is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty rests upon either the court or the opposing party to advise that party of his scheduled trial date, see the cases collected at 18A Ala. Digest Trial § 9(1)(1956), a party's right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so."'
 "806 So.2d at 1197 (quoting Ex parte Weeks, 611 So.2d at 262) (emphasis added). This Court in Ex parte Weeks made it clear that procedural-due-process concerns arose when the court assumed a duty of notification it did not otherwise owe the petitioner and then failed to perform that duty."
884 So.2d at 903. The holding in Weeks has been narrowly applied. A writ of mandamus has issued only in similar fact situations when there was evidence indicating that the circuit clerk failed to mail notification that the Rule 32 petition had been denied. See Marshall, supra; Ex parte Miles,841 So.2d 242, 244 (Ala. 2002) (inmate did not receive notice of denial of petition and "to not allow Miles an opportunity to file a notice of appeal under these circumstances would violate his clear legal right to procedural due process"); Ex parte Johnson,806 So.2d 1195 (Ala. 2001) (inmate did not receive notification of denial of Rule 32 petition so writ of mandamus issued).
In Ex parte Swoope, 724 So.2d 92, 95-96 (Ala.Crim.App. 1998), we recognized the long-standing Alabama rule that a party has a duty to monitor the status of his or her case. We stated:
 "It is the policy of the judicial system of this state that an accused has a duty to monitor the status of his case. Ex parte Weeks, 611 So.2d 259
(Ala. 1992). This policy was discussed in Hart v. City of Priceville, 631 So.2d 301 (Ala.Cr.App. 1993):
 "`"[I]t is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty rests upon either the court or the opposing party to advise that party of *Page 849 
his scheduled trial date, see the cases collected at 18A, Ala. Digest Trial § 9(1) (1956)." Ex parte Weeks, 611 So.2d 259, 262 (Ala. 1992). "Generally, a party, whether represented by counsel or acting pro se, has a duty to keep abreast of the status of his case, and no duty rests on the court or opposing parties to advise him of the trial date." Bowman v. Slade, 501 So.2d 1236 (Ala.Civ.App. 1987).'"
See also Johns v. A.T. Stephens Enters., Inc., 815 So.2d 511,515 (Ala. 2001) ("`[A]ll parties litigant, once in court, either for themselves or through their attorneys[,] must keep track of their case, [and] know [its] status. . . .'"); Averett v.Averett, 255 Ala. 606, 610, 52 So.2d 371, 375 (1951) ("`A litigant by his attorney must keep up with the progress of his case in court, and he is not due to have notice, except as prescribed by law.'"); Faust v. Faust, 251 Ala. 60,36 So.2d 229 (1948); Wetzel v. Birmingham Elec. Co., 250 Ala. 267, 268,33 So.2d 882, 882 (1948) ("As the aggressive party in the case it was plaintiff's duty to follow his case in all of its steps until finally disposed of and no duty rested upon the court or its officers or the adverse party to advise plaintiff of the setting of the case for trial."); Thompson v. Odom, 279 Ala. 211,184 So.2d 120 (1966); State v. Woodham, 276 Ala. 662,166 So.2d 391 (1964). Alabama is not alone in recognizing this policy. See Vilsick v. Fibreboard Corp.,861 S.W.2d 659, 664 (Mo.Ct.App. 1993) ("A party has a continuing duty to monitor a case from the filing of the case until final judgment."); Blichert v. Brososky, 436 N.E.2d 1165, 1168
(Ind.Ct.App. 1982) ("When an attorney appears in court for a client, it becomes his duty to keep advised of the progress of the case."); Oklahoma Bar Ass'n v. Braswell, 663 P.2d 1228
(Okla. 1983) (attorney has duty to monitor status of case). Cf.Kawazoe v. Davila, 849 S.W.2d 906 (Tex.App. 1993) (will not impose on layman duty to monitor the status of his case).
The duty to monitor the status of one's case necessarily includes the duty to notify the circuit clerk of any change of address. Here, Maples was represented by three attorneys. Because Maples was represented by attorneys, all correspondence from the circuit clerk was directed to the attorneys. See Rule 34.4, Ala.R.Crim.P. We take judicial notice that every county and circuit has its own method of notifying parties of significant dates in their pending cases. See D. J. Mineral Mining, Inc.v. Wilson, 456 So.2d 1099, 1101 (Ala.Civ.App. 1984) ("This court takes judicial note that the different bars and judicial circuits, even different judges, establish methods and customs of handling court business such as publishing court dockets, granting continuances and giving notice to attorneys."). The circuit clerk here assumed a duty to notify the parties of the resolution of Maples's Rule 32 petition. However, the circuit clerk did not act negligently in failing to locate Maples's New York attorneys after their notifications were returned because the two attorneys had left the law firm with which they had been associated and had not provided the circuit clerk with a current address.[3]
Attorneys Clara Ingen-Housz and Jaasi Munanka, both attorneys licensed by the State of New York, applied for and *Page 850 
were granted pro hac vice status to represent Maples. Rule VII, Rules Governing Admission to the Alabama State Bar. To be admitted pro hac vice, an out-of-state attorney must associate a local attorney. Here the local attorney was John Butler. Butler stated in his affidavit that is included in the exhibits submitted to this Court that he was given notice of the dismissal of the Rule 32 petition. Rule VII.C., Rules Governing Admission to the Alabama State Bar, provides: "Local counsel associating with a foreign attorney in a particular case shall thereby accept joint and several responsibility with the foreign attorney to the client, to opposing parties and counsel, and to the court or administrative agency in all matters arising from that particular cause."
The Alabama Supreme Court in Thomas v. Kellett,489 So.2d 554, 555 (Ala. 1986), held that when one attorney has received notification of a trial date, and cocounsel did not, "the trial court's notification of [one attorney representing a party] and not [the other attorney representing the same party] concerning certain trial matters was sufficient to give notice to both in light of their apparent co-counsel status."
We agree with Judge Thompson that the circuit clerk was not negligent in its duty to notify the parties of the resolution of the Rule 32 petition. Maples has failed to show that his right to procedural due process was violated. In order for a writ of mandamus to issue the petitioner must establish: (1) a clear legal right to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) no adequate remedy at law; and (4) the properly invoked jurisdiction of the reviewing court. See State v. Williams, 679 So.2d 275
(Ala.Crim.App. 1996). Maples has failed to establish the first of the four prerequisites.[4]
For the foregoing reasons, this petition is due to be, and is hereby, denied.
PETITION DENIED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[2] This Court, in an 80-page opinion, addressed 33 issues on Maples's direct appeal.
[3] We quote with approval the words of the Indiana Court of Appeals:
 "The law imposes a duty upon attorneys to exercise due diligence by regularly checking court records to ascertain the status of pending cases. . . . When an attorney appears in court for a client, it becomes his duty to keep advised of the progress of the case."
Blichert v. Brososky, 436 N.E.2d 1165, 1168 (Ind.Ct.App. 1982).
[4] We note that Maples has filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Alabama.