Victor R. Stephens filed this petition for a writ of mandamus requesting an out-of-time appeal from the denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief attacking his sentence of death. In October 2004, Stephens filed a Rule 32 petition in the Hale Circuit Court. On November 22, 2004, Judge Jack W. Meigs entered an order dismissing the Rule 32 petition. In January 2005, Stephens moved to allow discovery. On January 18, 2005, Judge Meigs sent Stephens a letter stating that the State's motion to dismiss the Rule 32 petition had been granted in November 2004. Stephens contacted the office of the circuit clerk of Hale County and on January 25, 2005, the office sent Stephens a facsimile transmission of the order of dismissal. On January 28, 2005, Stephens filed this mandamus petition requesting that we grant him an out-of-time appeal because he was not notified that his Rule 32 petition had been dismissed until the time for filing a notice of appeal from its dismissal had expired.
Judge Meigs has filed the following response:
 "The undersigned has no objection to the Petitioner's mandamus petition. The undersigned reiterates that the trial judge should not be held responsible for the failure of the Circuit Clerk to timely send out orders. The judge cannot process orders. That is the Clerk's function. A different process should be devised for dealing with these situations. The Supreme Court should amend the Rules of Criminal Procedure to allow a remedy short of a mandamus petition to allow late appeals from the denial of a Rule 32 petition when the Defendant/Petitioner did not timely receive the order."
The Alabama Supreme Court in Marshall v. State, 884 So.2d 900
(Ala. *Page 1096 
2003), held that the only way to secure an out-of-time appeal from the denial of a Rule 32 petition is to file a petition for a writ of mandamus with this Court. However, on January 13, 2005, the Alabama Supreme Court adopted an order amending Rule 32.1(f), Ala.R.Crim.P., effective June 1, 2005. As amended, Rule 32.1(f) states that a petitioner may obtain an out-of-time appeal if "[t]he petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part." Accordingly, after June 1, 2005, the proper method of seeking an out-of-time appeal from the denial of a prior Rule 32 petition is a Rule 32 petition.
The Alabama Supreme Court in Ex parte Johnson, 806 So.2d 1195
(Ala. 2001), when granting a similar mandamus petition, stated:
 "Considering the limited facts before us on this mandamus petition, we conclude that, through no fault of his own, Johnson has never been notified that his Rule 32 petition has been denied even though it appears the petition was denied, and even though he was entitled to such notification. The trial judge does not dispute Johnson's allegation that he has never received notification of the disposition of his Rule 32 petition, and the judge has presented no evidence suggesting that Johnson has received notice. On this state of the record, we must conclude that Johnson was not informed of the denial of his Rule 32 petition.
 "We cannot deny Johnson his day in court simply because the trial court has not notified him of the disposition of his Rule 32 petition. See Weeks [v. State, 611 So.2d 259 (Ala. 1992)]."
806 So.2d at 1197. See also Ex parte V.S., 898 So.2d 713 (Ala. 2004); Brooks v. State, 892 So.2d 976 (Ala. 2004).
Like the respondent in Johnson, the respondent here does not contest Stephens's assertions that he was not served with a copy of the order of dismissal. Judge Meigs has responded that he has no objection to Stephens's obtaining the relief he seeks in this petition. Accordingly, this petition for a writ of mandamus is due to be granted. Judge Meigs is directed to set aside his November 22, 2004, order dismissing Stephens's Rule 32 petition, and to reissue a new order and promptly give notice to all parties so that Stephens may have the opportunity to file a timely notice of appeal.
PETITION GRANTED; WRIT ISSUED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur; WISE, J., not sitting.