Byron D. Bonner petitions this Court for the writ of mandamus directing the trial court to enter a new order dismissing Bonner's petition for postconviction relief to allow Bonner to file a timely appeal from the dismissal of his petition. We grant the petition and issue the writ.
In November 2001, the trial court convicted Bonner of various crimes. In December 2003, Bonner filed a petition for postconviction relief, pursuant to Rule 32, Ala. R.Crim. P. Bonner moved the trial court for leave to amend his Rule 32 petition. The trial court granted Bonner's motion to amend. On March 24, 2004, the trial court summarily dismissed Bonner's amended Rule 32 petition. Bonner apparently was unaware that the trial court had dismissed his Rule 32 petition. The 42-day period within which to file a notice of appeal expired on May 5, 2004. In June 2004, Bonner moved the trial court for leave to again amend his Rule 32 petition. The trial court denied Bonner's motion to amend. At some point thereafter, Bonner apparently discovered that the trial court had dismissed his Rule 32 petition and, on or about December 30, 2004, Bonner petitioned the Court of Criminal Appeals for a writ of mandamus directing the trial court to reissue the order dismissing his Rule 32 petition so that he could then file a timely notice of appeal from the dismissal. The Court of Criminal Appeals denied Bonner's *Page 340 
mandamus petition, without an opinion. Ex parte Bonner (No. CR-04-0548, Feb. 1, 2005), 925 So.2d 1021 (Ala.Crim.App. 2005) (table). Bonner now petitions this Court for a writ of mandamus directing the trial court to reissue the order dismissing his Rule 32 petition.
Bonner argues that he did not receive notification of the trial court's dismissal of his Rule 32 petition until the time allowed for filing of a notice of appeal had elapsed. Before June 1, 2005, the writ of mandamus was "`the only remedy available' to those who, like [Bonner], through no fault of their own, fail to receive notice of the dismissal of their Rule 32 petition in time to effect a timely appeal therefrom." Marshall v. State,884 So.2d 900, 905 (Ala. 2003). See also Ex parte Weeks,611 So.2d 259 (Ala. 1992); Ex parte Johnson, 806 So.2d 1195 (Ala. 2001). Bonner's mandamus petition and the events about which he complains all occurred before June 1, 2005; therefore, the writ of mandamus is the proper remedy in this case.[1]
In answering Bonner's mandamus petition, the trial court states: "this Court cannot independently verify that a copy of this Court's order of March 24, 2004 was mailed to [Bonner]." Additionally, Bonner's mandamus petition includes a copy of an inmate-request slip in which the mail clerk for the institution in which Bonner is incarcerated states that Bonner received no legal mail around the time period the trial court ordered Bonner's Rule 32 petition dismissed. Accordingly, we agree with Bonner that he was deprived, through no fault of his own, of the opportunity to timely file a notice of appeal from the dismissal of his Rule 32 petition. Therefore, we issue the writ of mandamus and direct the trial court to set aside its order denying Bonner's Rule 32 petition and to reissue a new order. The trial court should promptly give Bonner notice of the issuance of the new order so that Bonner will have an opportunity to file a timely notice of appeal.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] This Court amended Rule 32.1(f), Ala. R.Crim. P., effective June 1, 2005, to provide a different remedy for obtaining an out-of-time appeal from the denial of a Rule 32 petition:
 "On January 13, 2005, this Court adopted an order amending Rule 32.1(f), Ala. R.Crim. P., effective June 1, 2005. The amended rule provides that a petitioner may obtain an out-of-time appeal if `[t]he petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part.' Therefore, after June 1, 2005, the proper method of seeking an out-of-time appeal from the denial of a Rule 32 petition is by filing another Rule 32 petition. The amendment of the rule, however, does not vest the Court of Criminal Appeals with jurisdiction when it reviewed V.S.'s Rule 32 petition on January 23, 2004. Also, the amended rule will not aid V.S. in seeking review. Although the amended rule expressly preserves the existing one-year deadline for the filing of the first Rule 32 petition, the amended rule establishes a six-month limitations period from discovery of the dismissal or denial for the filing of a Rule 32.1(f) petition seeking an out-of-time appeal from the dismissal or denial of a previously filed Rule 32 petition."
Ex parte V.S., 918 So.2d 908, 912 n. 3 (Ala. 2005). In Exparte V.S., this Court issued the writ of mandamus directing a trial court to "set aside its order denying [a] Rule 32 petition and to reissue a new order and promptly give notice of the issuance of the new order so that [the petitioner] will have an opportunity to file a timely notice of appeal."918 So.2d at 912. *Page 341