The appellant, Henry Burruss, appeals from the circuit court's denial of his Rule 32, Ala. R.Crim. P., petition for postconviction relief requesting an out-of-time appeal from the denial of his first Rule 32 petition. Burruss alleged that he was not notified by the trial court of the denial of his first Rule 32 petition. The State did *Page 1240 
not refute Burruss's claim in its response to the petition but argued the trial court did not have jurisdiction to grant an out-of-time appeal. The trial court then denied the petition, stating that it was without jurisdiction to entertain the petition. This court issued an order on May 4, 2007, remanding the cause for determination as to whether Burruss was entitled to an out-of-time appeal noting that the proper procedure for pursuing an out-of-time appeal of the denial of a Rule 32 petition is by way of a second Rule 32 petition. Exparte Stephens, 907 So.2d 1094, 1096 (Ala.Crim.App. 2005);King v. State, 881 So.2d 542, 544 (Ala.Crim.App. 2002).
On March 11, 2005, Burruss pleaded guilty to the offense of trafficking in cocaine and was sentenced to 40 years' imprisonment. He did not appeal this conviction and sentence. He filed his first Rule 32 petition on February 21, 2006, alleging ineffective assistance of counsel and an involuntary guilty plea and, after a response by the State, the petition was denied on April 13, 2006. An appeal filed on June 6, 2006, to this Court was dismissed as untimely, having been filed past the 42-day deadline set out in Rule 4(b)(1), Ala. R.App. P., for filing a notice of appeal. See Burruss v. State
(No. CR-05-1659, June 13, 2006), 978 So.2d 90
(Ala.Crim.App. 2006) (table).
The trial court denied Burruss's request for an out-of-time appeal from the denial of his Rule 32 petition, setting forth, in pertinent part, the following grounds:
 "6. The file also reflects that an Order was issued denying Petitioner's claims presented in CC03-3998.60 on April 13, 2006.
 "7. Per standard office procedure, a copy of that Order was placed in the Courthouse Mail system, on April 13, 2006.
 "8. The envelope was addressed to `Henry Burruss AIS #150136, 3843 Stagg Ave., Basile, LA 70515.' A copy of the envelope, including a handwritten note indicating the date it was sent, is present in the file and a copy has been attached to this filing.[1]
 "9. Per Courthouse mailroom procedure, outgoing mail is picked up during daily rounds, stamped through the mailroom using a metered postage system, and placed in the U.S. Mail for delivery.
 "10. There is no indication that this procedure was not followed on April 13, 2006, nor are there any reports or complaints of other mail from this office, or any other within the Courthouse, that was mishandled on that date.
 "11. The Petitioner has provided nothing to show that the letter was not received by him, such as copies of the prison mail log indicating an absence of the above-referenced envelope being delivered during the days following April 13, 2006.
 "12. The Petitioner filed a Motion for Evidentiary Hearing on or about May 22, 2006, which was denied by this Court on May 24, 2006.
 "13. The Petitioner was notified of the denial via mail using the same procedure set out above, and the file indicates that, not only was his Motion for Evidentiary Hearing Denied, but a copy of the Order denying his original Rule 32 was included as a courtesy with the denial of his Motion for Evidentiary Hearing. *Page 1241 
 "14. Petitioner filed an appeal of the dismissal of the original Rule 32 and that appeal was dismissed as untimely filed via an Order dated June 13th, 2006.
 "15. Even having a second `courtesy copy' of this Court's denial of his original Rule 32 Petition in hand, having appealed that denial and having that appeal dismissed in June, the Petitioner still waited several more months to file the instant Rule 32 petition requesting his `out of time appeal.'
 "16. Without more than the Petitioner's bare assertions that he didn't get a copy of the order, Petitioner's claims that he failed to appeal through no fault of his own are merely unsupported self-serving allegations that should not be entertained."
We note that the case-action summary for CC-03-3998.60, the first Rule 32 petition, has no entry for the date of April 13, 2006. As Burruss points out, the only entry that shows that the petition was denied reads: "07/05/2006. CHARGE 01 DISPOSED BY: PET DENIED ON: 04/13/2006." Of course, this entry is after the June 13, 2006, entry showing the order of dismissal of Burruss's appeal by this Court. It is possible that Burruss filed his notice of appeal after he received the "courtesy copy" of the circuit court's order denying his Rule 32 petition attached to the ruling on his evidentiary hearing.
In his second Rule 32, Ala. R.Crim. P., petition for postconviction relief, Burruss has pleaded facts that, if true, may entitle him to an out-of-time appeal from the denial of his first Rule 32 petition. Burruss had no burden of proof at the pleading stage of the Rule 32 proceedings. See Ford v.State, 831 So.2d 641, 644 (Ala.Crim.App. 2001), andConner v. State, 955 So.2d 473, 476
(Ala.Crim.App. 2006). The State did not refute Burruss's claim in its response; therefore, Burruss's allegations must be accepted as true. See Poole v. State, 988 So.2d 604
(Ala.Crim.App. 2007).
This cause is remanded for the circuit court to conduct an evidentiary hearing at which Burruss will have the opportunity to present evidence to prove his claim. The return to remand shall include the circuit court's written findings, along with a transcript of the evidentiary hearing, and any other evidence received by the court. A due return shall be filed with this Court within 56 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
BASCHAB, P.J., and SHAW, WISE, and WELCH, JJ., concur.
[1] A copy of the envelope was not attached to can follow this procedure in all outgoing the filing. We question how the trial court mail.
* Note from the reporter of decisions: On December 14, 2007, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.