On May 7, 1997, Gary Lewis Marshall was convicted of murder and was sentenced to life in prison. Marshall appealed both his conviction and his sentence, and this Court affirmed in an unpublished memorandum.Marshall v. State (No. CR-96-1996), 728 So.2d 713 (Ala.Crim.App. 1998) (table). This Court issued a certificate of judgment on July 17, 1998. On April 21, 1998, Marshall filed his first Rule 32, Ala.R.Crim.P., petition, which the circuit court summarily denied on June 27, 2000. On November 8, 2000, Marshall appealed the circuit court's denial of his Rule 32 petition, and this Court dismissed his appeal as untimely. Marshall v. State (No. CR-00-0307), ___ So.2d ___ (Ala.Crim.App. 2001) (table). On June 6, 2001, Marshall filed this, his second, Rule 32 petition. The State did not respond. The circuit court summarily dismissed Marshall's second Rule 32 petition on August 20, 2001. Marshall then appealed to this Court, challenging the summary dismissal of his second Rule 32 petition.
In his second Rule 32 petition, Marshall claimed that he was due an out-of-time appeal, because, though no fault of his own, he had never received notice of the circuit court's dismissal of his first Rule 32 petition. Specifically, he contends that he did not receive a copy of the dismissal order because the circuit court did not send him a copy, and because his counsel rendered ineffective assistance by failing to inform him that his first Rule 32 petition had been dismissed.
On the authority of Ex parte Fountain, [Ms. 1991893, December 28, 2001] ___ So.2d ___ (Ala. 2001), and Brooks v. State, [Ms. CR-00-1134, April 26, 2002] ___ So.2d ___ (Ala.Crim.App. 2002), we must reverse the circuit court's denial of Marshall's second Rule 32, Ala.R.Crim.P. petition.
In support of his second Rule 32 petition, Marshall claims that he attempted
 "to have prison officials check the `legal mail log' to further support his contention that he in fact never did receive notice of dismissal of his [first] Rule 32 from the Circuit Court of Hale County, but
he could not obtain copies of these logs as they have names of all other inmates who received legal mail during the time frame in question."
(C. 46.)
Marshall alleges that he finally learned of the dismissal through a member of his family some time around November 2000. The State did not in the trial court, and does not on appeal, refute Marshall's claim. In its order dismissing the petition, the circuit court noted:
 "As for the Defendant's failure to appeal from the denial of his [first] Rule 32 petition, the Defendant has an obligation to stay informed of the status of his case. He has filed numerous pro se motions and pleadings throughout this matter[,] and it appears obvious to the Court that he could have found out that an order was entered if, in fact, no copy had been mailed to him. Accordingly, the Court finds that this petition is due to be denied."
(C. 13-14.)
Nothing in the circuit court's order indicates that the circuit court ever notified Marshall of the dismissal of his first Rule 32 petition. As for the "numerous pro se motions and pleadings," Marshall contends that, while it is true that he continued to file pro se motions and pleadings, those motions and pleadings were to request information on the status of his first Rule 32 petition because he had no idea that his first petition had been dismissed.
Because Marshall has alleged that he never received a copy of the order dismissing his first Rule 32 petition, and because neither the State nor the circuit court disputed that allegation, we conclude that Marshall was not informed of the dismissal of his first Rule 32 petition. Accordingly, on the authority of Fountain and Brooks, we find that regarding his out-of-time-appeal claim, Marshall is entitled to the relief requested in his second Rule 32 petition. Therefore, the circuit court's summary denial of Marshall's second Rule 32 petition is reversed and the circuit court is directed to enter a new order and to promptly notify Marshall of that order so that he may appeal in accordance with established law and procedure.
Because we grant the petition on the issue of the circuit court's failure to notify Marshall that his petition had been dismissed, we do not address his related claim of ineffective assistance of counsel.
REVERSED AND REMANDED.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.