884 So.2d 900 (2003)
Ex parte State of Alabama.
(In re Gary Lewis MARSHALL
v.
STATE of Alabama).
1012217.
Supreme Court of Alabama.
September 26, 2003.
William H. Pryor, Jr., atty. gen., and Thomas Leverette and Cedric B. Colvin, asst. attys. gen., for petitioner.
Gary Lewis Marhall, pro se.
PER CURIAM.
This Court granted the State's petition for a writ of certiorari to review the Court of Criminal Appeals' decision reversing the circuit court's denial of Gary Lewis Marshall's second Rule 32, Ala. R.Crim. P., petition. The Court of Criminal Appeals concluded that, because Marshall never received notice that his first Rule 32 petition had been dismissed, he was entitled to an out-of-time appeal based on the authority of Ex parte Fountain, 842 So.2d 726 (Ala.2001), and Brooks v. State, [Ms. CR-00-1134, *901 April 26, 2002] ___ So.2d ___ (Ala.Crim.App.2002). We reverse and remand.

I. Proceedings in the Circuit Court
On May 7, 1997, Marshall was convicted of murder and was sentenced to life in prison. The Court of Criminal Appeals affirmed his conviction and sentence, without an opinion. Marshall v. State (No. CR-96-1996), 728 So.2d 713 (Ala.Crim.App.1998)(table). Marshall filed his first Rule 32 petition in the Hale Circuit Court on April 21, 1998. The circuit court dismissed Marshall's petition. Marshall claims that he never received notice of the circuit court's dismissal of this petition and that he discovered that his Rule 32 petition had been denied after the time for taking an appeal had passed. Marshall appealed the dismissal of his Rule 32 petition, arguing that his failure to appeal was through no fault of his own; the Court of Criminal Appeals dismissed his appeal as untimely, without an opinion. Marshall v. State (No. CR-00-0307, March 23, 2001) 821 So.2d 1041 (Ala.Crim.App.2001)(table).
On June 6, 2001, Marshall filed his second Rule 32 petition. The circuit court dismissed the petition (1) because the petition was not filed within the two-year limitations period established in Rule 32.2(c), Ala. R.Crim. P., as that rule then provided;[1] and (2) because it was a successive petition, presenting grounds previously presented in Marshall's first Rule 32 petition. The circuit court also addressed Marshall's failure to appeal from the denial of his first Rule 32 petition:
"[T]he defendant has an obligation to stay informed of the status of his case. He has filed numerous pro se motions and pleadings throughout this matter and it appears obvious to the Court that he could have found out that an order was entered if, in fact, no copy had been mailed to him. Accordingly, the Court finds that this petition is due to be dismissed."

II. Proceedings in the Court of Criminal Appeals
Marshall appealed the dismissal of his second Rule 32 petition to the Court of Criminal Appeals. On appeal, he argued that, through no fault of his own, he had never received notice of the dismissal of his first Rule 32 petition and learned of that dismissal only through a family member sometime in November 2000, well beyond the time for taking an appeal. He alleged that the circuit court did not send him a copy of the order dismissing the petition and that his counsel rendered ineffective assistance by failing to inform him that his first Rule 32 petition had been dismissed. The Court of Criminal Appeals concluded "that Marshall was not informed of the dismissal of his first Rule 32 petition," a contention it says "neither the State nor the circuit court disputed," and held that Marshall was entitled to an out-of-time appeal, as requested in his second Rule 32 petition. Marshall v. State, 884 So.2d 898 (Ala.Crim.App.2002). With no elaboration, the Court of Criminal Appeals rested its decision "on the authority of Fountain and Brooks," supra. ___ So.2d at ___.

III. Petition for the Writ of Certiorari
The State filed a petition for a writ of certiorari in this Court, asserting that the decision of the Court of Criminal Appeals conflicts with decisions of this Court and of the Court of Criminal Appeals. We granted the petition to consider the State's argument that the Court of Criminal Appeals' *902 decision conflicts with Ex parte Weeks, 611 So.2d 259 (Ala.1992), and Ex parte Johnson, 806 So.2d 1195 (Ala.2001). We also take this opportunity to clarify our holding in Ex parte Fountin.[2]

IV. Analysis
A review of the cases relied upon by Marshall and the Court of Criminal Appeals is in order.
In Ex parte Fountain, Tony Fountain, appealing the circuit court's dismissal of his Rule 32 petition, presented only one argument to this Court, i.e., "that his right to due process was violated by the State's failure to send him a copy of its response brief on appeal." 842 So.2d at 729. The Court of Criminal Appeals had affirmed the judgment of the circuit court denying Fountain's Rule 32 petition. This Court relied upon Ex parte Weeks, supra, in which this Court noted that procedural due process contemplates" `rudimentary requirements of fair play, which include ... information as to the claims of the opposing party, with reasonable opportunity to controvert them.'" Ex parte Fountain, 842 So.2d at 729 (quoting Ex parte Weeks, 611 So.2d at 261). This Court in Ex parte Fountain interpreted the requirement in Rule 31(a), Ala. R.App. P., that each party's appellate brief be served on the other party to encompass "precisely the goal of fundamental fairness that is the essence of due process." 842 So.2d at 730. Thus, we reversed the judgment of the Court of Criminal Appeals as to this issue because that court did not "afford[] [Fountain] his due process right to know the State's arguments in order to formulate the reply Rule 31 allows him." 842 So.2d at 730 (emphasis added). This issue was the main thrust of the opinion.
However, the Court of Criminal Appeals in Ex parte Fountain had also affirmed the circuit court's order granting Fountain an out-of-time appeal, which the circuit court granted because, like Marshall, Fountain alleged that he had not received notice of the dismissal of his Rule 32 petition. However, as Judge Shaw noted in his special writing in Brooks, ___ So.2d at ___ (Shaw, J., concurring in the result, with Baschab, J., joining), the other case relied on by the Court of Criminal Appeals in Marshall's case, the issue whether the out-of-time appeal was properly granted was never before this Court in Ex parte Fountain. Ex parte Fountain, 842 So.2d at 727. Indeed, this Court in Ex parte Fountain made it clear that the petition for the writ of certiorari was granted
"to determine whether [Fountain's] right to due process was violated by the State's failure to serve him with a copy of its appellee's brief on Fountain's appeal of the denial of his first Rule 32, Ala. R.Crim. P., petition and by the failure of the Court of Criminal Appeals to enforce his right to a copy of the State's brief and to accord him a fair opportunity to reply to it. We reverse and remand on that issue. The State has not sought certiorari review of the aspect of the judgment of the Court of Criminal Appeals affirming the trial court in its granting Fountain an out-of-time appeal."[3]
*903 842 So.2d at 727 (emphasis added). The issue was not raised by Fountain's certiorari petition; certiorari review was not granted as to it; and it was, therefore, not before this Court in Ex parte Fountain. See Ex parte Hodges, 856 So.2d 936, 949 n. 2 (Ala.2003)("We have addressed only those issues relating to Hodges's sentence, because his petition for certiorari review does not raise questions relating to his conviction."); and Ex parte MacEwan, 860 So.2d 896, 897 n. 1 (Ala.2002) (Court declined to consider the issue whether the trial court erroneously found MacEwan's ineffective-assistance-of-counsel claim to be time-barred because the issue "was not raised by either party on this certiorari review").
Having concluded that Ex parte Fountain provides no basis for the Court of Criminal Appeals' decision in this case, we turn to the other case upon which the Court of Criminal Appeals relied: Brooks v. State, supra. In Brooks, the Court of Criminal Appeals relied upon the four-month-old decision in Ex parte Fountain and on Ex parte Johnson, 806 So.2d 1195 (Ala.2001), to justify its conclusion that Brooks was entitled to an out-of-time appeal from the dismissal of his Rule 32 petition if, on remand, the circuit court concluded (1) that Brooks never received notice of the circuit court's order denying his Rule 32 petition, or (2) that the 42-day period for filing a notice of appeal, Rule 4(b)(1), Ala. R.App. P., had run before Brooks received his copy of the order. Ex parte Fountain provides no support for this conclusion; neither does Ex parte Johnson, supra.
In Ex parte Johnson, this Court found that Bonnide Johnson "was not notified that his Rule 32 petition was denied"  even though he had "asked, through the office of the circuit clerk, that he be notified of material developments in his case"  "and the 42-day period during which he could have appealed that denial has expired." 806 So.2d at 1197. This Court relied upon and quoted Ex parte Weeks, in which this Court stated:
"`Although it is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty rests upon either the court or the opposing party to advise that party of his scheduled trial date, see the cases collected at 18A Ala. Digest Trial § 9(1)(1956), a party's right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so.'"
806 So.2d at 1197 (quoting Ex parte Weeks, 611 So.2d at 262)(emphasis added). This Court in Ex parte Weeks made it clear that procedural-due-process concerns arose when the court assumed a duty of notification it did not otherwise owe the petitioner and then failed to perform that duty.
In both cases, however, the remedy for a breach of the duty to notify, and to ensure due process, was the issuance of a writ of mandamus from this Court to the circuit court. See Ex parte Weeks, 611 So.2d at 262 (mandamus issued to "direct the circuit court to reinstate Weeks's appeal to the trial docket"); Ex parte Johnson, 806 So.2d at 1197 (Court vacated order denying *904 Johnson's Rule 32 petition and "direct[ed] the trial court to enter a new order and to promptly send Johnson notification of that order"). In fact, this Court in Ex parte Weeks explained that "the extraordinary writ of mandamus is the only remedy available to [Weeks]," i.e., where a party "did not learn that his case had been dismissed until after the time for taking an appeal to the Court of Criminal Appeals had run." 611 So.2d at 262 (emphasis added). The writ issued in Ex parte Weeks not only because Weeks had no other remedy available to him, but also "because all of the other requirements necessary for the issuance of a writ of mandamus are satisfied in this case...." 611 So.2d at 262. Following the precedent in Ex parte Weeks, this Court in Ex parte Johnson issued a writ of mandamus to remedy Johnson's situation. This Court has never retreated from its stance that mandamus is the "only remedy available" in such situations, our "attempted affirmance" in Ex parte Fountain notwithstanding.
If this Court were to hold today that Marshall may properly request an out-of-time appeal in a Rule 32 petition, we would be, first, amending Rule 32 to provide a ground for relief that the rule does not currently provide.[4]
While this Court, and not the Court of Criminal Appeals or the Court of Civil Appeals,[5] maintains the authority to *905 amend the rules of procedure, see Amend. No. 328, § 6.11, Ala. Const.1901, we decline to do so at this time and in this manner. Second, if we hold that the out-of-time appeal was properly granted in this case, we would be implicitly nullifying our explicit holding in Ex parte Weeks and our implicit holding in Ex parte Johnson that mandamus is the only remedy in such a case. In other words, our recognizing that a successive Rule 32 petition may be the vehicle for requesting an out-of-time appeal from the denial of a previous Rule 32 petition would create "another adequate legal remedy," ostensibly one "in addition" to a writ of mandamus. See Brooks v. State, ___ So.2d at ___ (reluctantly recognizing that "the law," as interpreted by the Court of Criminal Appeals, provides "two remedies"  one by way of a petition for writ of mandamus and one pursuant to a Rule 32 petition)(Shaw, J., concurring in the result). It follows, however, that the introduction of a remedy "in addition" to mandamus would destroy the possibility of mandamus because for that extraordinary writ to issue the petitioner must have no adequate legal remedy. See, e.g., Ex parte Weaver, 781 So.2d 944, 949 (Ala.2000). We therefore do not recognize such an "additional" remedy.
Returning again to the Court of Criminal Appeals' decision in Brooks v. State, it is now apparent that the Brooks court erred in relying upon Ex parte Johnson (in addition to Ex parte Fountain) because Ex parte Johnson supports only the issuance of a writ of mandamus to remedy a situation like Marshall's, not the availability of an "additional" remedy by way of a successive Rule 32 petition. That court in this case, therefore, erred in relying upon Ex parte Fountain and Brooks to support its decision.

V. Conclusion
We hereby decline effectively to amend Rule 32; we reaffirm our holdings in Ex parte Weeks and Ex parte Johnson; and we reiterate that the writ of mandamus is "the only remedy available" to those who, like Marshall, through no fault of their own, fail to receive notice of the dismissal of their Rule 32 petition in time to effect a timely appeal therefrom. The Court of Criminal Appeals, therefore, erred in relying upon dicta in Ex parte Fountain, which purported to affirm as to an issue that was not before this Court, and the derivative Brooks v. State to hold that the circuit court properly granted Marshall's request in his second Rule 32 petition for an out-of-time appeal from his first Rule 32 petition. The appropriate remedy for Marshall is to petition for a writ of mandamus.
We reverse the judgment of the Court of Criminal Appeals and remand this case to that court for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, LYONS, BROWN, HARWOOD, and STUART, JJ., concur.
SEE and WOODALL, JJ., concur in the result.
JOHNSTONE, J., dissents.
JOHNSTONE, Justice (dissenting).
The big problem pertinent to the issue addressed by the main opinion is that, commonly in this state, a trial court will deny a convict's Rule 32, Ala. R.Crim. P., petition but will not notify the convict of *906 the denial and the convict will not receive word of the denial until after his time to appeal the denial has expired. The convict typically cannot know when to expect a ruling, since trial judges sometimes deny such petitions immediately upon receipt, sometimes withhold rulings for weeks, months, or years, sometimes conduct hearings before ruling, and sometimes deny the petitions without a hearing. For all of the sanctimonious talk of the courts about a petitioner's duty to monitor the status of his Rule 32 petition, any notion that each of these poor devils can periodically obtain reliable information on whether the trial court has ruled, is stark fiction. If the convict is incarcerated, he is even more helpless to learn of any ruling.
Thus the big issue pertinent to the main opinion is what procedure this Court will provide for a Rule 32 petitioner to obtain an out-of-time appeal of a denial that was not communicated to the petitioner until after the expiration of his standard time to appeal. Today's opinion holds that the exclusive remedy is a petition first filed in the Court of Criminal Appeals for a writ of mandamus directing the trial court to notify the petitioner of the ruling on his Rule 32 petition, like the petition for a writ of mandamus in our case of Ex parte Johnson, 806 So.2d 1195 (Ala.2001).
The petitioner in Johnson had not received notice before he filed his petition for writ of mandamus but did receive notice during the pendency of the mandamus proceedings-notice in the form of the trial judge's mandamus answer to the effect that the Rule 32 petition already had been denied a half a year earlier. Nonetheless, the Johnson Court, holding that the trial judge had not notified the petitioner of the denial, vacated the denial and ordered the trial judge to enter a new denial (which would start the running of the appeal time anew) and to notify the defendant of the new denial. The Johnson Court thus took the bull by the horns and granted the practical equivalent of an out-of-time appeal. However, unless this Court adapts the Johnson relief to the variations that will typically characterize these no-notice or tardy-notice cases, convicts like the one before us will suffer the same denial of due process that the Johnson Court spared that particular litigant.
Johnson was issued by this Court two days after Marshall, the convict now before us, filed his second Rule 32 petition asking the trial judge to grant an out-of-time appeal for the denial of Marshall's first Rule 32 petition. Thus Johnson, as a practical matter, was not available as guidance to Marshall. Further, while the Johnson Court rightly relied on the general legal principles of Ex parte Weeks, 611 So.2d 259 (Ala.1992), the facts of Weeks are too different to have provided any practical guidance to Marshall in the case now before us. That is, Weeks timely appealed his district court drunk-driving conviction to the circuit court for a trial de novo; the circuit clerk assumed a duty to provide Weeks a notice of his trial date but did not provide the notice; the circuit judge dismissed Weeks's appeal for his failure to appear for the trial de novo and denied Weeks's motion to reinstate the appeal; Weeks apparently did receive timely notice of this denial, as he did not complain of a lack of such notice; Weeks petitioned the Court of Criminal Appeals for a writ of mandamus, which was denied; Weeks then petitioned this Court for one; and finally this Court granted a writ of mandamus directing the circuit judge to reinstate the appeal.
With no model to follow, Marshall should be excused for relying on Rule 32.1(f), Ala. R.Crim. P., which provides:
"Subject to the limitations of Rule 32.2, any defendant who has been convicted *907 of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
"....
"(f) The petitioner failed to appeal within the prescribed time and that failure was without fault on the petitioner's part."
While the main opinion, without citation to authority, holds that this rule does not mean what it says, the only real defect in Marshall's reliance on it is that he filed his second Rule 32 petition after the two-year deadline then imposed by Rule 32.2(c). Nonetheless, there is no good reason why this Court should not treat Marshall's appeal of the denial of his second Rule 32 petition as a petition for a writ of mandamus to the Court of Criminal Appeals, like that in Johnson, and grant Marshall relief analogous to that granted by the Johnson Court  a remand to the Court of Criminal Appeals with instructions that it enter an order vacating the denial of Marshall's first Rule 32 petition and issue a writ of mandamus directing the trial judge to enter a new denial and contemporaneously to notify Marshall of the new denial.
This Court has been liberal in treating appeals as petitions for writs of mandamus. E.g., Ex parte Webb, 855 So.2d 1031 (Ala.2003); Harold Allen's Mobile Home Factory Outlet, Inc. v. Butler, 825 So.2d 779 (Ala.2002); and Jericho Mgmt., Inc. v. Fidelity Nat'l Ins. Co. of Tennessee, 811 So.2d 514 (Ala.2001); Ex parte Messer, 797 So.2d 1079 (Ala.2001); Morrison Restaurants, Inc. v. Homestead Village of Fairhope, Ltd., 710 So.2d 905 (Ala.1998); and Henderson v. Superior Ins. Co., 628 So.2d 365 (Ala.1993). Marshall has already repeatedly and unsuccessfully asked the trial judge to notify Marshall of the disposition of his first Rule 32 petition and has received only belated and unofficial word from his family, as the Court of Criminal Appeals has observed, Marshall v. State, 884 So.2d 898, 899 (Ala.Crim.App.2002).
Accordingly, I respectfully submit that this Court should remand the case to the Court of Criminal Appeals with instructions for it to grant Marshall the Johnson relief, as I have already discussed. Therefore, I respectfully dissent from the main opinion.
NOTES
[1] Rule 32.2(c) was amended effective August 1, 2002, to provide a one-year limitations period.
[2] The need to clarify Ex parte Fountain has not gone unnoticed by the Court of Criminal Appeals. See, e.g., King v. State, 881 So.2d 542, 544 (Baschab, J., concurring specially)(urging this Court "to revisit its decisions in Ex parte Johnson and Ex parte Fountain and to clarify what is the appropriate procedure for seeking an out-of-time appeal from the denial or dismissal of a prior Rule 32 petition"); and Brooks v. State, [Ms. CR-00-1134, April 26, 2002] ___ So.2d ___, ___ (Ala.Crim.App.2002)(Shaw, J., concurring in the result, with Baschab, J., joining)("I urge the Supreme Court to clarify its holding in Ex parte Fountain at its earliest convenience.").
[3] Naturally, Fountain did not petition for certiorari review of this part of the Court of Criminal Appeals' judgment.
[4] Rule 32.1, Ala. R.Crim. P., provides:

"Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
"(a) The constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.
"(b) The court was without jurisdiction to render judgment or to impose sentence.
"(c) The sentence imposed exceeds the maximum authorized by law or is otherwise not authorized by law.
"(d) The petitioner is being held in custody after the petitioner's sentence has expired.
"(e) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:
"(1) The facts relied upon were not known by the petitioner or the petitioner's counsel at the time of trial or sentencing or in time to file a posttrial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;
"(2) The facts are not merely cumulative to other facts that were known;
"(3) The facts do not merely amount to impeachment evidence; "(4) If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and
"(5) The facts establish that the petitioner is innocent of the crime for which the petitioner was convicted or should not have received the sentence that the petitioner received.
"(f) The petitioner failed to appeal within the prescribed time and that failure was without fault on the petitioner's part.
"A petition that challenges multiple judgments entered in more than a single trial or guilty-plea proceeding shall be dismissed without prejudice."
Subsection (f) contemplates the appeal from a conviction or sentence, but not an appeal from an adverse ruling in a collateral proceeding (such as a Rule 32 petition). There is, therefore, no ground under Rule 32.1 through which Marshall, and those similarly situated, may petition for an out-of-time appeal from the denial of a Rule 32 petition.
[5] The Court of Criminal Appeals claimed in Brooks that it had "created a narrow exception to the 42-day rule [in Rule 4(b)(1), Ala. R.App. P.] in Fountain v. State, 842 So.2d 719 (Ala.Crim.App.2000)...." Brooks, ___ So.2d at ___. The Court of Criminal Appeals may not, however, amend the rules of procedure. Moreover, this Court in Ex parte Fountain did not approve this "exception" because the issue of the out-of-time appeal was never properly presented to it.