On Remand from the Alabama Supreme Court

PER CURIAM.
The convoluted procedural history of this case must be set forth in detail in this opinion for a proper understanding of our resolution of the case.
On October 20, 1997, Rodgrick Cornilius Brooks was convicted of murder and first-degree robbery, and was sentenced to 30 years’ and 20 years’ imprisonment, respectively. This Court affirmed Brooks’s convictions and sentences on direct appeal in an unpublished memorandum issued on June 19, 1998. Brooks v. State (No. CR-97-0540), 738 So.2d 941 (Ala.Crim.App.1998) (table). This Court issued a certificate of judgment on July 7,1998.
On-March 20, 2000, Brooks filed a timely Rule 32, Ala.R.Crim.P., petition for post-conviction relief, attacking his convictions and sentences. After receiving a response from the State, the circuit court summarily denied the petition in a written order. That order stated: “Done this_day of August, 2000.” After receiving a copy of the order dismissing his petition, Brooks sent three letters complaining that the order was undated. The first two letters were addressed to the circuit court and the last one was addressed to the Administrative Office of Courts. When he received no response to his letters, Brooks filed a second Rule 32 petition, requesting to be allowed to take an out-of-time appeal from the denial of his first petition. After receiving a response from the State, the circuit court summarily denied the second petition.
In a per curiam opinion issued on December 21, 2001, this Court held that a petition for a writ of mandamus, not a Rule 32 petition, was the proper avenue for seeking an out-of-time appeal from the *987 denial of a Rule 32 petition. Relying on Ex parte Johnson, 806 So.2d 1195 (Ala.2001), this Court overruled Fountain v. State, 842 So.2d 719 (Ala.Crim.App.2000), in which this Court upheld the circuit court’s granting of Fountain’s second Rule 32 petition seeking an out-of-time appeal from the denial of his first Rule 32 petition, to the extent that Fountain recognized Rule 32.1(f) as providing an avenue of relief for a petitioner who had failed to timely appeal the denial of a Rule 32 petition due to a mistake by the circuit court. This Court then treated Brooks’s appeal as a petition for a writ of mandamus and granted the petition, directing the circuit court to vacate its undated order denying Brooks’s first petition, to enter a new order, and to promptly notify Brooks of the new order so that he could file a timely notice of appeal.
One week later, on December 28, 2001, the Alabama Supreme Court issued its opinion in Ex parte Fountain, 842 So.2d 726 (Ala.2001), in which the Court “af-firmfed] that aspect of the judgment of the Court of Criminal Appeals affirming the grant of the out-of-time appeal.” 842 So.2d at 730. On January 4, 2002, the State filed an application for rehearing in Brooks’s appeal, and, in light of Ex parte Fountain, this Court withdrew the December 21, 2001, opinion, and, on April 26, 2002, issued a new opinion, remanding the case for the circuit court to determine whether Brooks had received the court’s order denying his first Rule 32 petition in time to timely file a notice of appeal or whether he was entitled to an out-of-time appeal pursuant to Rule 32.1(f). See Brooks v. State, 892 So.2d 969 (Ala.Crim.App.2002).
On May 10, 2002, the State filed another application for rehearing. While that application was pending, the circuit court, pursuant to our remand order, effectively granted the relief Brooks sought; although it did not alter its order denying Brooks’s second petition, it reissued its order denying Brooks’s first petition on May 23, 2002, and notified Brooks of the reissued order so that Brooks could timely file a notice of appeal. On July 3, 2002, Brooks timely filed a notice of appeal from the reissued order denying his first Rule 32 petition, and that appeal was docketed in this Court as CR-01-2497. This Court has held the appeal in CR-01-2497 in abeyance pending the resolution of this case.
On October 18, 2002, on return to remand, this Court dismissed Brooks’s appeal from his second Rule.'32 petition on the ground that he had received the relief he had requested, and we overruled the State’s application for rehearing. On November 1, 2002,: the State filed its third application for rehearing; and we overruled that application on November 15, 2002. On December 2, 2002, the State filed a petition for certiorari review in the Alabama Supreme Court, which was granted on March 24, 2002.
While the State’s certiorari petition in this case was pending, the Alabama Supreme Court issued its opinion in Marshall v: State,'884 So.2d 900, 905 (Ala.2003), in which the Coürt held that mandamus is “the only remedy available” for seeking' an out-of-time' appeal from the denial of a Rule 32 petition. The Court then, on January 16', 2004,'reversed this Court’s judgment in this case, holding that this Court had “erred in concluding in its substituted opinion issued on April 26, 2002, that the trial court had erred in summarily dismissing Brooks’s second Rule 32 petition because, the Court of Criminal Appeals reasoned, Brooks could present his grievance by way of a second Rule 32 petition instead of by the exclusive remedy of a petition for a writ of- mandamus,” and it *988 remanded the case to this Court. Brooks v. State, 892 So.2d 976, 984 (Ala.2004).
With the case in this procedural posture, we believe the best course of action at this point is to once again treat Brooks’s appeal in this case as a petition for a writ of mandamus. See Ex parte Burch, 730 So.2d 143 (Ala.1999)(recognizing that the Alabama Rules of Appellate Procedure allow an appeal to be treated as a mandamus petition under appropriate circumstances), and Ex parte Hutto, 720 So.2d 1051 (Ala.Crim.App.1998)(same). We see nothing in the Supreme Court’s opinion in this case that would prevent us from doing so. The Supreme Court remanded this case to this Court “for an order or proceedings consistent with [its] opinion,” i.e., consistent with its holding in this case as well as in Marshall that mandamus is the proper procedure for obtaining an out-of-time appeal from the denial of a Rule 32 petition. Brooks, 892 So.2d at 984. Nothing in the language of the opinion requires that this Court affirm the circuit court’s denial of Brooks’s second Rule 32 petition. In fact, at the conclusion of his dissent in this case, Justice Johnstone specifically noted “that the remand by this Court does not prohibit the Court of Criminal Appeals from treating Brooks’s letters to the trial court as his demand and showing for an out-of-time appeal, treating his second Rule 32 petition as another such letter, and treating his appeal as a petition for a writ of mandamus.” 892 So.2d at 985 (Johnstone, J., dissenting).
Brooks has already received the relief he requested. The order denying his first Rule 32 petition was reissued, he filed a notice of appeal from the reissued order, and that appeal is pending in this Court. The appeal was filed long before the Supreme Court issued its opinion in this case, and even before it issued the opinion in Marshall. To now affirm the circuit court’s denial of Brooks’s second Rule 32 petition and require Brooks to formally file a mandamus petition requesting the relief that he has already received, i.e., to effectively send this case back to the beginning and “undo” the relief that has already been granted, would be a waste of time and resources. At this point in time, it would elevate form over substance not treat this appeal as a petition for a writ of mandamus and to allow it to provide the procedural underpinning for the relief that Brooks has already received.
Therefore, we treat this appeal as a petition for a writ of mandamus, and, because Brooks received the relief he requested when the circuit court reissued its order denying Brooks’s first petition, we dismiss the petition as moot.
PETITION DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ„ concur.