898 So.2d 713 (2004)
Ex parte V.S.
In re V.S.
v.
State of Alabama.
1030897.
Supreme Court of Alabama.
October 1, 2004.
W. Gregory Hughes, Mobile, for petitioner.
Troy King, atty. gen., Michael B. Billingsley and Stephanie N. Morman, asst. attys. gen., for respondent.
HOUSTON, Justice.
We quash this petition for a writ of certiorari on a jurisdictional basis. In Marshall v. State, 884 So.2d 900, 905 (Ala.2003), this Court stated:
"We hereby decline effectively to amend Rule 32[, Ala. R.Crim. P.]; we reaffirm our holdings in Ex parte Weeks [, 611 So.2d 259 (Ala.1992),] and Ex parte Johnson [, 806 So.2d 1195 (Ala.2001)]; and we reiterate that the writ of mandamus is `the only remedy available' to those, who like Marshall, through no fault of their own, fail to receive notice of the dismissal of their Rule 32 petition in time to effect a timely appeal therefrom. The Court of Criminal Appeals, therefore, erred in relying upon dicta in Ex parte Fountain, [842 So.2d 726 (Ala.2001),] which purported to affirm as to an issue that was not before this Court, and the derivative Brooks v. State [, 892 So.2d 969 (Ala.Crim.App.2002),] to hold that the circuit court properly granted Marshall's request in his second Rule 32 petition for an out-of-time appeal from his first Rule 32 petition. The appropriate remedy for Marshall is to petition for a writ of mandamus."
*714 In this case, the trial court erred, albeit at the direction of the Court of Criminal Appeals,[1] by granting V.S. an out-of-time appeal when he filed a second Rule 32, Ala. R.Crim. P., petition. Although the Court of Criminal Appeals thereafter affirmed the denial of V.S.'s first Rule 32 petition on the merits of his ineffective-assistance-of-counsel claim and refused to address whether the filing of a second Rule 32 petition seeking an out-of-time appeal was appropriate, noting that the State had not filed an appeal from the circuit court's order granting V.S. an out-of-time appeal, this was a matter that involved the jurisdiction of that court. V.S. v. State (No. CR-02-1892, January 23, 2004), ___ So.2d ___ (Ala.Crim.App.2004)(table). This Court has stated, "`[I]t is the duty of an appellate court to consider the lack of subject matter jurisdiction ex mero motu.'" Thompson v. Board of Pardons & Paroles, 806 So.2d 374, 375 (Ala.2001), quoting Ex parte Smith, 438 So.2d 766, 768 (Ala.1983).
A petition for a writ of mandamus filed in the Court of Criminal Appeals and directed to the trial court is the only remedy available to V.S.; he has thus far failed to avail himself of that remedy, and his petition for a writ of certiorari is due to be quashed as improvidently granted.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
SEE, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., dissents.
JOHNSTONE, Justice (dissenting).
I respectfully dissent. See my dissent in Marshall v. State, 884 So.2d 900, 905 (Ala.2003) (Johnstone, J., dissenting).
NOTES
[1] The Court of Criminal Appeals, in an unpublished memorandum, dismissed V.S.'s appeal from the trial court's order denying V.S.'s first Rule 32 petition on jurisdictional grounds. V.S. v. State (No. CR-01-1865, January 7, 2003), 876 So.2d 1188 (Ala.Crim.App.2003)(table). It noted that "the appropriate method by which to obtain appellate review of the circuit court's July 30, 2001, order denying V.S.'s Rule 32 petition, would be by filing a second Rule 32 petition, seeking an out-of-time appeal from the denial of his first Rule 32 petition."