This Court ordered the Alabama Court of Criminal Appeals and the State of Alabama to file their answers, with such supporting briefs as they might chose to submit, to the petition for the writ of mandamus filed by Tommie William Sanders. Sanders alleges in his petition that although on November 21, 2003, the *Page 393 
Court of Criminal Appeals affirmed, in an unpublished memorandum, the dismissal by the Jefferson Circuit Court of Sanders's Rule 32, Ala. R.Crim. P., petition for postconviction relief, Sandersv. State (No. CR-02-1867), 897 So.2d 1252 (Ala.Crim.App. 2003) (table), he was not notified of that ruling until December 12, 2003. December 12 was too late to allow Sanders to file a timely application for rehearing with the Court of Criminal Appeals, a necessary predicate to seeking further review in this Court by a petition for a writ of certiorari. Sanders asserts that the Court of Criminal Appeals issued its certificate of judgment on December 10, 2003, and that he received a copy of the certificate of judgment and the unpublished memorandum on December 12, 2003, through the institutional mail of the Elmore Correctional Facility, the Alabama Department of Corrections penal institution in which he was confined under the sentence resulting from the conviction he had challenged in his Rule 32 petition. Sanders asserts that he then petitioned the Court of Criminal Appeals to vacate its certificate of judgment and allow him to apply for rehearing; the Court of Criminal Appeals denied his request on December 22, 2003.
The Court of Criminal Appeals has now filed its answer and brief. It advises this Court that in Sanders's request to it that it vacate its certificate of judgment and allow him to apply for rehearing, he stated that although he was at that time unable to support his claim of delayed delivery of a copy of that court's unpublished memorandum because he was unable to obtain a copy of the prison mail log, he had requested a copy of the log and would forward it to the court when he received it. The Court of Criminal Appeals states that it had placed a copy of its unpublished memorandum in the United States mail on November 20, 2003, the date before the decision was released, addressed to Sanders at the same address he uses on his petition to this Court. The Court of Criminal Appeals further states that the copy of the unpublished memorandum thus dispatched to Sanders was not returned by the post office as undeliverable.
In its separate response, the State of Alabama, through the attorney general, confirms that it received the copy of the unpublished memorandum of the Court of Criminal Appeals via United States mail on November 21, 2003. The State further attaches as an exhibit to its response to our order for answer and briefs a certified copy of the "mail log" of the Elmore Correctional Facility, reflecting, among other things, that Sanders signed for mail deliveries on November 21 and December 12, 2003. On November 21, 2003, Sanders signed the mail log to acknowledge receipt of correspondence from the Court of Criminal Appeals. On December 12, 2003, he again signed to acknowledge receipt of correspondence from the Court of Criminal Appeals. Thus, it would appear that both the State of Alabama and Sanders received a copy of the Court of Criminal Appeals' unpublished memorandum on November 21, 2003. In the face of this documentation, Sanders offers this explanation:
 "The truth of the matter is that this petitioner did not sign the November 21, 2003, log on that day for the letter indicated on that log. Instead, this petitioner signed that log on December 12, 2003, when this petitioner signed for the legal mail received for that day.
 "At this time this petitioner received both the Memorandum of Opinion and the Certificate of Final judgment which were in envelopes postmarked November 20, 2003, and December 11, 2003."
Sanders goes on to speculate that, although the envelope containing the unpublished *Page 394 
memorandum was received at Elmore Correction Facility on November 21, 2003, and was "logged in" on that date, it was not delivered to him at that time and "was possibly misplaced and later discovered on or about December 12, 2003, by some Elmore [Correctional Facility] official who possibly sent it back to the Shift Office to be delivered to [Sanders] on that date," resulting in his receiving both letters on that date. Sanders offers no support or corroboration for this scenario, and it is facially contradicted by the mail log bearing his signature as the recipient of correspondence from the Court of Criminal Appeals on November 21, 2003.
Under these circumstances, Sanders clearly has not carried his burden of showing that he has a clear legal right to the relief he seeks; that there was an imperative duty upon the Court of Criminal Appeals and/or the State of Alabama to perform, accompanied by a refusal to do so; that he has no adequate remedy at law; and that he has properly invoked jurisdiction of the reviewing court. See Ex parte Department of Human Res.,620 So.2d 619, 620 (Ala. 1993).
Accordingly, Sanders's petition for the writ of mandamus is denied.
PETITION DENIED.
NABERS, C.J., and SEE, BROWN, and STUART, JJ., concur.