918 So.2d 908 (2005)
Ex parte V.S.
In re State of Alabama
v.
V.S.
1040374.
Supreme Court of Alabama.
June 24, 2005.
*909 V.S., pro se.
Troy King, atty. gen., and Stephanie N. Morman, asst. atty. gen., for respondent.
BOLIN, Justice.
In 1997, V.S. was tried and convicted of sodomy in the first degree and was sentenced to 20 years' imprisonment. On August 28, 1998, the Court of Criminal Appeals affirmed V.S.'s conviction and sentence on direct appeal in an unpublished memorandum. V.S. v. State (No. CR-97-0268), 741 So.2d 482 (Ala.Crim.App.1998)(table). On May 14, 1999, this Court denied certiorari review. Ex parte V.S. (No. 1980123), 768 So.2d 426 (Ala.1999)(table).
On May 4, 2000, V.S. filed a Rule 32, Ala. R.Crim. P., petition for postconviction relief claiming that he had been denied effective assistance of counsel at trial and on appeal. On March 2, 2001, the trial court held an evidentiary hearing. At that hearing, V.S. presented the testimony of *910 four witnesses, all attorneys licensed by the Alabama State Bar, who opined that V.S.'s counsel had rendered ineffective assistance to V.S. during his criminal trial and in his appeal from his conviction.[1]
On July 30, 2001, the trial court denied V.S.'s petition for postconviction relief. On April 26, 2002, V.S. then filed a "Motion to Correct the Record Nunc Pro Tunc as to Court's Ruling on the Merits of the Petition for Rule 32 Relief," asserting that he had never received notice of the trial court's ruling on his Rule 32 petition and that the trial court's ruling was deficient because it had failed to set out findings of fact in support of the denial. Upon consideration of the motion, the trial court concluded that its July 30, 2001, order was void because it had failed to set out specific findings of fact. On May 16, 2002, the trial court entered a new order denying V.S.'s Rule 32 petition, which contained the following findings:
"[V.S.] claims that trial counsel was ineffective by agreeing that a polygraph test and the results thereof could be admitted into evidence. However, trial counsel testified at the Rule 32 hearing that [V.S.] took the polygraph test over his (trial counsel's) objection. Trial counsel testified that he advised [V.S.] that the tests were inaccurate and that they only measured stress. Further, trial counsel testified that he did not agree to allow the test into evidence, but rather, that [V.S.] agreed over his (trial counsel's) objection.
"[V.S.] raises other issues regarding the handling of expert witnesses in the case; however, the objections appear to be merely differences of opinion as to how to examine and cross-examine expert witnesses.
"Based upon the facts presented in this case and upon application of the standards set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the [c]ourt finds that [V.S.'s] counsel was not ineffective to the extent that trial counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed [V.S.] by the Sixth Amendment or that [V.S.] was deprived of a fair trial."
V.S. appealed the trial court's denial of his Rule 32 petition to the Court of Criminal Appeals. On January 7, 2003, the Court of Criminal Appeals dismissed V.S.'s appeal in an unpublished memorandum, holding that the trial court was without jurisdiction on May 16, 2002, to issue the nunc pro tunc order, that that order was void, and that V.S. should have filed an appeal within 42 days of the trial court's July 30, 2001, ruling on his Rule 32 petition. V.S. v. State (No. CR-01-1865, January 7, 2003), 876 So.2d 1188 (Ala.Crim.App.2003)(table). The Court of Criminal Appeals further noted in its unpublished memorandum "that the appropriate method by which to obtain appellate review of the [trial] court's July 30, 2001, order denying V.S.'s Rule 32 petition, would be by filing a second Rule 32 petition, seeking an out-of-time appeal from the denial of his first Rule 32 petition," citing Ex parte Fountain, 842 So.2d 726 (Ala.2001), and Brooks v. State, 892 So.2d 969 (Ala.Crim.App.2002).
V.S. apparently then filed a Rule 32 petition, although the petition was not included in the materials before this Court. However, the case action summary shows *911 that on April 21, 2003, the trial court granted V.S. permission to file a Rule 32 petition without paying court costs in advance. The case action summary contains another entry on June 12, 2003, stating that an out-of-time appeal was granted. V.S. then filed a second appeal to the Court of Criminal Appeals.
On January 23, 2004, the Court of Criminal Appeals affirmed the trial court's denial of V.S.'s Rule 32 petition in an unpublished memorandum. V.S. v. State (No. CR-02-1892, January 23, 2004), 910 So.2d 833 (Ala.Crim.App.2004)(table). In its memorandum, the Court of Criminal Appeals acknowledged that it had informed V.S. that the proper means by which to seek an appeal of the denial of his Rule 32 petition was by filing a second Rule 32 petition seeking an out-of-time appeal, but that in the interim this Court had issued its opinion in Marshall v. State, 884 So.2d 900 (Ala.2003), holding that the filing of a second Rule 32 petition was not the appropriate remedy and that a writ of mandamus "`is the only remedy available' to those who . . ., through no fault of their own, fail to receive notice of the dismissal of their Rule 32 petition in time to effect a timely appeal therefrom."[2] However, the Court of Criminal Appeals concluded that Marshall did not bar its consideration of V.S.'s appeal because his appeal was pending when the Supreme Court issued its opinion in Marshall. The Court of Criminal Appeals further noted that it would not consider the State's argument that the trial court erred by granting V.S. an out-of-time appeal because the State had failed to appeal from the trial court's order.
This Court granted certiorari review and then quashed the petition for the writ of certiorari on a jurisdictional basis. See Ex parte V.S., 898 So.2d 713 (Ala.2004). We noted:
"In this case, the trial court erred, albeit at the direction of the Court of Criminal Appeals, by granting V.S. an out-of-time appeal when he filed a second Rule 32, Ala. R.Crim. P., petition. Although the Court of Criminal Appeals thereafter affirmed the denial of V.S.'s first Rule 32 petition on the merits of his ineffective-assistance-of-counsel claim and refused to address whether the filing of a second Rule 32 petition seeking an out-of-time appeal was appropriate, noting that the State had not filed an appeal from the circuit court's order granting V.S. an out-of-time appeal, this was a matter that involved jurisdiction of that court. V.S. v. State (No. CR-02-1892, January 23, 2004), 910 So.2d 833 (Ala.Crim.App.2004)(table). This Court has stated, `"[I]t is the duty of an appellate court to consider the lack of subject matter jurisdiction ex mero motu."' Thompson v. Board of Pardons & Paroles, *912 806 So.2d 374, 375 (Ala.2001), quoting Ex parte Smith, 438 So.2d 766, 768 (Ala.1983)."
898 So.2d at 714 (footnote omitted). This Court quashed the petition, noting that V.S. should have filed a petition for a writ of mandamus with the Court of Criminal Appeals asking that court to direct the trial court to allow an out-of-time appeal.
V.S. then filed a petition for the writ of mandamus with the Court of Criminal Appeals asking the court to direct the circuit court to reissue its order denying his Rule 32 petition so that he could file a timely appeal. The Court of Criminal Appeals denied V.S.'s petition for a writ of mandamus in an unpublished memorandum, Ex parte V.S. (No. CR-04-0190, November 29, 2004), ___ So.2d ___ (Ala.Crim.App.2004) (table), stating:
"[B]ecause this Court has already considered the merits of the appeal from the denial of V.S.'s Rule 32 petition, V.S. cannot satisfy the requirements for the issuance of a writ of mandamus  he can show no clear legal right to the relief sought. See Ex parte Sanders, 900 So.2d 392 (Ala.2004). To give V.S. another out-of-time appeal would be an exercise in futility and a waste of scant judicial resources."
On December 10, 2004, V.S. filed a petition for a writ of mandamus with this Court seeking an order directing the circuit court to set aside its order denying his Rule 32 petition and to reissue a new order and to promptly give notice to all parties of the issuance of the order so that he may have the opportunity to file a timely notice of appeal.[3]
It is well settled that lack of subject-matter jurisdiction can be raised at any time by the parties or by the court ex mero motu. "`[I]f there is an absence of jurisdiction over either the person, or the subject matter, a court has no power to act, and jurisdiction over the subject matter cannot be created by waiver or consent.'" Flannigan v. Jordan, 871 So.2d 767, 768 (Ala.2003) (quoting Norton v. Liddell, 280 Ala. 353, 356, 194 So.2d 514, 517 (1967)). Therefore, the Court of Criminal Appeals had no subject-matter jurisdiction when it proceeded to consider an out-of-time appeal from the trial court's ruling on V.S.'s second Rule 32 petition, in which the Court of Criminal Appeals attempted to affirm the trial court's denial of V.S.'s first Rule 32 petition. Accordingly, V.S. has never been granted procedural due process to obtain a valid review of the ineffective-assistance-of-counsel claim he propounded in his first Rule 32 petition. Although the goal of conserving judicial resources is of the utmost importance, the lack of subject-matter jurisdiction is a fundamental error depriving the court of the *913 authority to render a valid decision. Accordingly, we grant the petition for the writ of mandamus and direct the trial court to set aside its order denying V.S.'s first Rule 32 petition and to reissue a new order and promptly give notice of the issuance of the new order so that V.S. will have an opportunity to file a timely notice of appeal.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, SMITH, and PARKER, JJ., concur.
STUART, J., concurs in the result.
NOTES
[1] The testimony from the evidentiary hearing was part of the record reviewed in Ex parte V.S., 898 So.2d 713 (Ala.2004), which involved an earlier postconviction petition filed by V.S. This Court may take judicial notice of its records. Hitt v. State of Alabama Pers. Bd., 873 So.2d 1080 (Ala.2003).
[2] The Court of Criminal Appeals apparently concluded that Marshall stands for a new proposition of law. However, in Marshall, this Court clearly determined:

"We hereby decline to amend Rule 32[, Ala. R.Crim. P.]; we affirm our holdings in Ex parte Weeks[, 611 So.2d 259 (Ala.1992),] and Ex parte Johnson[, 806 So.2d 1195 (Ala. 2001)]; and we reiterate that the writ of mandamus is `the only remedy available' to those, who like Marshall, through no fault of their own, fail to receive notice of the dismissal of their Rule 32 petition in time to effect a timely appeal therefrom. The Court of Criminal Appeals, therefore, erred in relying upon dicta in Ex parte Fountain, [842 So.2d 726 (Ala.2001),] which purported to affirm as to an issue that was not before this Court, and the derivative Brooks v. State[, 892 So.2d 969 (Ala.Crim.App. 2002),] to hold that the circuit court properly granted Marshall's request in his second Rule 32 petition for an out-of-time appeal from his first Rule 32 petition. The appropriate remedy for Marshall is to petition for a writ of mandamus."
884 So.2d at 905 (emphasis added).
[3] On January 13, 2005, this Court adopted an order amending Rule 32.1(f), Ala. R.Crim. P., effective June 1, 2005. The amended rule provides that a petitioner may obtain an out-of-time appeal if "[t]he petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part." Therefore, after June 1, 2005, the proper method of seeking an out-of-time appeal from the denial of a Rule 32 petition is by filing another Rule 32 petition. The amendment of the rule, however, does not vest the Court of Criminal Appeals with jurisdiction when it reviewed V.S.'s Rule 32 petition on January 23, 2004. Also, the amended rule will not aid V.S. in seeking review. Although the amended rule expressly preserves the existing one-year deadline for the filing of the first Rule 32 petition, the amended rule establishes a six-month limitations period from discovery of the dismissal or denial for the filing of a Rule 32.1(f) petition seeking an out-of-time appeal from the dismissal or denial of a previously filed Rule 32 petition.