BARKETT, Circuit Judge,
dissenting:
I cannot agree that Maples’s ineffective assistance of counsel claims are procedurally barred. As such, the claims should be reviewed on the merits. As the majority opinion explains in detail, a petitioner’s habeas claims are procedurally defaulted— and therefore rendered unavailable for review by this court — when, inter alia, the state rule on which the default is based is “adequate and independent.” However, Alabama’s law on out-of-time appeals, which forms the basis of Maples’s claim in this case, is not “adequate” pursuant to the Supreme Court’s definition of that term. Maples therefore has not procedurally defaulted. Accordingly, there is no procedural bar to the consideration of the ineffective assistance of counsel claims that Maples attempts to bring before this court. The Supreme Court defines an “adequate and independent” state court decision as one “[which] rests on a state law ground that is independent of the federal question and adequate to support the judgment.” Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). To be considered “adequate” by a federal court, the state procedural rule must be both “firmly established and regularly followed.” James v. Kentucky, 466 U.S. 341, 348, 104 S.Ct. 1830, 80 L.Ed.2d 346 (1984). In other words, the rule must be “clear [and] closely hewn to” by the state for a federal court to find it to be adequate. Id. at 346, 104 S.Ct. 1830. The “adequacy” requirement thus means that the procedural rule “must not be applied in an *896 arbitrary or unprecedented fashion.” Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir.2001). If the rule is not firmly established, or if it is applied in an arbitrary or unprecedented fashion, then it is not adequate to preclude federal review. Card v. Dugger, 911 F.2d 1494, 1516 (11th Cir.1990). In this case, the rule used to procedurally bar review in the state court was not firmly established or, if interpreted as firmly established, was applied to Maples in an unprecedented and arbitrary fashion.
As demonstrated by Marshall v. State, 884 So.2d 898, 899 (Ala.Crim.App.2002), overruled on other grounds, 884 So.2d 900 (Ala.2003),[1] the rule which the majority applies is not firmly established and has been arbitrarily applied to Maples. As in this case, the defendant in Marshall did not receive notice when his first Rule 32 petition for post-conviction relief was denied. His time to appeal the denial thus lapsed before he was even aware an order had been entered. When Marshall was finally notified, he filed a second Rule 32 petition which asked the court to permit him to file his appeal out of time. The Alabama Court of Criminal Appeals granted that petition.
The majority finds that Marshall permits an out-of-time appeal based on failure to notify the defendant personally only when the court has assumed a duty to notify the defendant personally of an order in his case. Only then would the court’s failure to notify the defendant violate his rights. Applying that rule to the issues in Marshall, this majority concludes that the Marshall court allowed Marshall an out-of-time appeal because the court had assumed a duty to notify Marshall of its decision after he wrote to the clerk of courts inquiring about the status of his case. The court then allegedly violated that duty — thereby permitting an out-of-time appeal' — when its clerk failed to respond.
That may be the rule that Marshall suggested; but it is not the rule that Marshall applied. Like Maples, Marshall did not begin filing his requests with the clerk until after the order denying his Rule 32 petition had been decided.[2] As Marshall himself explained, he made the requests “because he had no idea that his first petition had been dismissed.” Marshall, 884 So.2d at 899. Again, like Maples, Marshall was represented by counsel in his Rule 32 proceeding; neither Maples nor Marshall were proceeding pro se. Counsel for both Marshall and Maples received a copy of the order denying the their clients’ Rule 32 petitions, and both sets of counsel failed to timely act on that order. Despite these indistinguishable facts, the Marshall court granted an out-of-time appeal, and the Maples court did not. The Marshall *897 opinion thus provides no clear basis for distinguishing the facts of Marshall’s out-of-time appeal from the facts of Maples’s out-of-time appeal. This inconsistency in the application of Alabama’s law on granting out-of-time appeals renders the rule an inadequate ground on which to bar federal review of Maples’s claims.
Marshall aside, the interests of justice also require that Maples be permitted review of his claims when the alleged default of those claims occurred through no fault of his own. Rather, any such default is entirely the fault of his post-conviction counsel, and this court is allowing him to be put to death because of that negligence. “[T]he penalty of death is different in kind from any other punishment imposed under our system of criminal justice.” Gregg v. Georgia, 428 U.S. 153, 188, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (opinion of Stewart, Powell, and Stevens, JJ.). Due to this “unique nature of the death penalty,” the Eighth Amendment demands “heightened reliability ... in the determination whether the death penalty is appropriate in a particular case.” Sumner v. Shuman, 483 U.S. 66, 72, 107 S.Ct. 2716, 97 L.Ed.2d 56 (1987). As a result, the Supreme Court has recognized that “in capital cases, it is constitutionally required that the sentencing authority have information sufficient to enable it to consider the character and individual circumstances of a defendant prior to the imposition of a death sentence.” Id. (emphasis in original; internal quotation and citation omitted). If the facts alleged by Maples to support his claims of ineffective assistance of counsel are true, then the jury in this case was left without sufficient information of Maples’s character and individual circumstances when it returned a verdict for the death penalty.[3]
Notwithstanding the supposed procedural bar in this case, the imposition of the death penalty and the heightened reliability that it requires, Woodson v. N.C., 428 U.S. 280, 305, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976) (plurality opinion), necessitate federal review of Maples’s ineffective assistance claims.[4] Ultimately, “[hjabeas cor *898 pus is governed by equitable principles.” Munaf v. Geren, — U.S.-, 128 S.Ct. 2207, 2220, 171 L.Ed.2d 1 (2008) (quotation and citation omitted). Barring federal review of claims defaulted under state law serves the dual principles of comity and federalism, Coleman v. Thompson, 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Nevertheless, in certain cases, like the present case, those equitable principles “must yield to the imperative of correcting a fundamentally unjust [sentence].” Engle v. Isaac, 456 U.S. 107, 135, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Without review of Maples’s claims, we cannot ascertain the reliability of Maples’s death sentence.
Maples was entitled to an out-of-time appeal under Alabama precedent established in Marshall v. State, 884 So.2d 898, 899 (Ala.Crim.App.2002). Because he was denied that opportunity, the merits of his claims must be examined by the district court to determine whether or not his sentence is reliable. If AEDPA bars review in such circumstances, then its constitutionality would appear questionable in this regard.
I respectfully dissent.

. The Alabama Supreme Court held that Marshall should have petitioned for a writ of mandamus rather than seeking relief as he did. Marshall v. State, 884 So.2d 900 (Ala.2003). This procedural change did not affect Marshall's underlying claims. In any event, Alabama subsequently amended its rules of civil procedure to permit Marshall's method of challenging the denial of his out-of-time appeal of his Rule 32 petition. This dissent therefore uses the procedural terminology interchangeably.

. If Marshall's filings with the court are to be considered at all relevant — which they should not be — then they actually undermine the majority’s claim that the Rule 32 court assumed a duty to Marshall. The Rule 32 court had found it "obvious,” on the basis of Marshall’s filings, "that he could have found out that an order was entered if, in fact, no copy had been mailed to him.” Marshall, 884 So.2d at 899 (quoting Rule 32 court's dismissal order). The appellate court did not reject this conclusion. Instead, it held that Rule 32 court’s conclusion meant only that the court did not dispute Marshall’s allegation that he never received a copy of the order. Id.

. Maples’s federal habeas petition contains over ninety pages of allegations of ineffectiveness of Maples's trial counsel. Over thirty of these pages are dedicated to allegations of ineffective assistance during the sentencing phase, when the jury determined, by a vote of 10-2, that Maples should be sentenced to death. Notably, under Alabama law, the jury’s recommendation for a sentence of death must be based on the vote of at least ten jurors. Ala.Code § 13A-5-46(f). Thus, if even one juror who voted for the death penalty instead had voted for life imprisonment, the jury verdict would have been for life imprisonment rather than death.
Among the allegations are that Maples's trial counsel, neither of whom had ever conducted a sentencing phase in a capital trial, were ineffective for failing to adequately investigate and present evidence of: 1) Maples’s abuse and abandonment by his mother, who suffered from mental illness; 2) Maples's own mental health, especially in light of his mother's mental illness and evidence that his maternal grandmother was also mentally ill; 3) Maples’s depression and his several attempts at suicide; 4) Maples’s struggle with addiction to drugs, including crack cocaine, crystal methamphetamine, and LSD, and also his voluntary admittance to a drug treatment program; 5) Maples’s participation in team sports and regular attendance at church when he was younger; and 6) Maples's cooperation with and assistance to the local police department in its enforcement of drug law violations. Moreover, Maples points to several pieces of mitigating documentary evidence that counsel had during the sentencing phase but never presented to the jury, such as Maples's application to the drug treatment program that chronicled his past drug use and suicide attempts, and documentation that clearly confirmed Maples’s assistance to the local police in the apprehension of a prominent drug dealer.

. Ineffective assistance of post-conviction counsel cannot establish cause and prejudice • to excuse a procedural bar, see Coleman v. *898 Thompson, 501 U.S. 722, 752-54, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Nevertheless, the federal habeas court should be able to consider the ineffective assistance of post-conviction counsel when determining if equity requires a review on the merits of otherwise procedurally barred claims. As noted above, the imposition of the death penalty requires heightened reliability, and the failings of post-conviction counsel should not prevent the federal courts from engaging in a searching review of a capital sentence.